Susan **ROGERS**, Appellant,

v.

Jennifer **FOXWORTH** and Cyndi **Rogers**, Appellees.

No. 12–06–00067–CV.

Court of Appeals of Texas, Tyler.

Jan. 24, 2007.

Thomas R. McLeroy, Jr., for appellant.

Douglas J. McCarver, Nacogdoches, for appellees.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Susan Rogers, administrator of the estate of Jesse Rogers, appeals a probate order awarding $20,000.00 to Jennifer Foxworth and Cyndi Rogers, the decedent's daughters. In four issues, she contends the evidence is legally and factually insufficient to support the claim and her retirement account is not part of Jesse Rogers's estate. We reverse and remand for further proceedings.

### BACKGROUND

Jesse married Susan in August of 1988. At the time of the marriage, Jesse owned a home in Nacogdoches, and Susan owned a home in Center, 43 miles away. The couple lived in Jesse's Nacogdoches home on weekends and during the summers. Throughout the school year, they lived in Susan's Center home during the work week because she was employed as a teacher by the Center Independent School District.

Jesse died intestate in September of 2001. Jesse's heirs included Susan and his two daughters from a previous marriage, Jennifer Foxworth and Cyndi Rogers. *See* TEX. PROB.CODE ANN. § 38(b) (Vernon Supp.2006). The County Court, exercising its probate jurisdiction, appointed Susan as dependent administrator of Jesse's estate.

In early 2004, the probate proceeding was transferred from the County Court to the 273rd District Court in Shelby County. Later in 2004, the daughters filed a claim for economic contribution against the estate. *See* TEX. FAM.CODE ANN. § 3.403 (Vernon 2006). In their claim, they alleged contributions had been made from Jesse's community property for the benefit of Susan's separate property home in Center and her teacher retirement account.

At trial, it was established Susan owed $23,200.27 on her Center home in August of 1988. In August of 2000, she owed $7,149.42. It was undisputed that Susan paid the balance remaining at that time with her separate property funds. The balance in Susan's teacher retirement account was $7,617.70 in August of 1988. In September of 2001, it was $49,615.66.

Following a hearing on the claim, the district court ordered that the two daughters recover $20,000.00 from the estate for community contributions by Jesse to Susan's separate property. Susan, as administrator of the estate, timely appealed to this court.

### SUSAN'S CENTER HOME

In her first and fourth issues, Susan contends that the evidence is legally and factually insufficient to support the district court's order that the daughters are entitled to recover for Jesse's community property contributions to her separate property home in Center. She does not dispute that community property contributions were made to pay down the debt on the home. Rather, she contends that, to recover, the daughters had to show an increase in the net equity of the home, which they did not do.

### Standard of Review

Although Susan requested findings of fact and conclusions of law, the district court did not enter findings and conclusions. Under this circumstance, findings and conclusions necessary to support the order must be implied and the order affirmed on any legal theory that finds support in the evidence. *See BMC Software Belg. N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). When, as here, the appellate record includes the clerk's and reporter's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id.* For legal sufficiency issues, if there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Id.* In considering whether the evidence is factually sufficient to support the implied findings, we consider and weigh all of the evidence, including any evidence contrary to the trial court's order. *See Zeptner v. Zeptner,* 111 S.W.3d 727, 737 (Tex.App.-Fort Worth 2003, no pet.) (op. on reh'g).

### Applicable Law

A marital estate that makes an economic contribution to property owned by another marital estate has a claim for economic contribution with respect to the benefited estate. TEX. FAM.CODE ANN. § 3.403(a) (Vernon 2006).[1] The formula for calculating the amount of the economic

1. Although found in the Family Code, the provisions prescribing claims for economic contribution apply to cases settling the estate of a deceased spouse. *See* TEX. FAM.CODE ANN. § 3.403(b) (Vernon 2006) (includes date of death of a spouse in the formula for determining the amount of the claim). This furthers the traditional common law position that, upon dissolution of the community, reimbursement is required for the expenditure of community funds to enhance the value of separate property of the other spouse whether dissolution is caused by death or divorce. *Burton v. Bell,* 380 S.W.2d 561, 565 (Tex. 1964).

contribution of one marital estate to property owned by another marital estate is set forth in Section 3.403, subsections (b) and (b–1) of the Family Code. Calculation of that amount requires proof of the equity in the benefited property on the date of the spouse's death, the amount contributed to the separate property by the contributing spouse, and the amount contributed by the benefited estate. *Id.* § 3.403(b). Further, the calculation must include a determination of the net equity in the separate property at the time of the economic contribution by the community estate. *See id.* § 3.403(b–1)(2)(A), (B). "Equity" is "the amount computed by subtracting from the fair market value of the property as of a specific date the amount of a lawful lien specific to the property on that date." *Id.* § 3.401(3).

### Discussion

█ Susan specifically contends that the evidence is insufficient to support the daughters' economic contribution claim because no evidence was introduced to establish the increased net equity in her Center home. Citing Family Code Section 3.402(a)(1), the daughters contend that they had to show only the reduction of the principal of the debt. *See id.* § 3.402(a)(1). However, that section merely defines "economic contribution." The formula to establish the amount of a claim for economic contribution is found exclusively in Section 3.403, subsections (b) and (b–1). *See id.* § 3.403(b), (b–1). Equity is the first factor that must be established in a claim for economic contribution. *See Moroch v. Collins,* 174 S.W.3d 849, 866 (Tex.App.-Dallas 2005, pet. denied).

█ The daughters further contend that, in addition to Family Code authority, they could also recover their claim based on economic contribution under the common law. We disagree. Our supreme court held before the enactment of Family Code Section 3.403 "that a claim for reimbursement for funds expended by an estate for improvements to another estate is to be measured by the enhancement in value to the benefited estate." *Anderson v. Gilliland,* 684 S.W.2d 673, 675 (Tex. 1985).

We have examined the record and agree with Susan that the increased net equity in her Center home has not been established. Without this necessary component of the formula, it is impossible to calculate the amount of reimbursable economic contribution to Susan's separate property. Thus, there is no evidence to support the award to the extent it represents Jesse's community contributions toward reduction of the note on Susan's Center home. Because the daughters did not establish the net equity in Susan's Center home, we sustain Susan's first and fourth issues.

### Susan's Teacher Retirement

█ In her second and third issues, Susan contends that the trial court erred as a matter of law in approving the daughters' claim for economic contributions to her teacher retirement account. Among other arguments, she asserts that the daughters are not entitled to recoup Jesse's contributions to her retirement account because his interest in her retirement account terminated upon his death.

The teacher retirement plan is part of the public retirement system in Texas. TEX. GOV'T CODE ANN. § 804.001(3) (Vernon 2004). "Alternate payee" can be a "spouse" or "former spouse." *Id.* § 804.001(1). "The death of an alternate payee as defined in Section 804.001 or the death of a spouse of a member or retiree of a public retirement system to which this chapter applies shall terminate the interest of the alternate payee or spouse in that public retirement system." *Id.* § 804.101.

The daughters contend that this is not fair because when a marriage is terminated by divorce, contributions to a spouse's retirement plan can be considered in dividing the marital property. However, death is a different matter according to the legislature. *See id.* We sustain Susan's second and third issues.

### CONCLUSION

The evidence is insufficient to support a claim for economic contribution for community funds used to reduce the note on Susan's Center home and, as a matter of law, the daughters are barred from recouping contributions made to Susan's retirement fund. In her motion for new trial, Susan requested a new trial, not rendition. Therefore, a new trial is the relief to which she is entitled. *See Horrocks v. Texas Dep't of Transp.*, 852 S.W.2d 498, 499 (Tex.1993).

We *reverse* and *remand* the case to the trial court for further proceedings consistent with this opinion.