In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-418 CV


____________________



RANDY L. REIMERT, Appellant



V.



JUDY A. REIMERT, Appellees






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 05-03-02234-CV 






MEMORANDUM OPINION


 Appellant, Randy Reimert, appeals from the trial court's order granting, appellee, Judy
Reimert, (1) a divorce and awarding her a judgment for $39,000 with an equitable lien on
Reimert's separate property for that amount. Specifically Reimert argues that the trial court
abused its discretion in awarding Judy Dean $25,000 for reimbursement or economic
contribution and that the trial court erred in imposing an equitable lien on Reimert's separate
property for the entire amount of the judgment. We hold that the trial court's award of
$25,000 to Judy Dean for economic contribution was proper, but find that the trial court erred
in imposing an equitable lien in excess of that amount. We affirm the judgment as reformed. 

FACTUAL BACKGROUND


 In April of 1998, Randy Reimert purchased a ten-acre property in Grimes County with 
a home already built on the property. Reimert purchased the property for $100,000. In
making the purchase, Reimert put down $20,000 of his separate funds and the deed was put
in his name. Reimert and Dean were married five months later in September of 1998. Dean
was, at all relevant times, fully employed. From the time they were married in 1998 until
they separated in July of 2004, mortgage payments in the amount of $745 per month were
made on the property from community funds out of their joint bank account. In addition,
improvements were made to the homestead during the marriage. When Dean left the
property in July of 2004 she took only her personal belongings and a three thousand dollar
certificate of deposit. 

PROCEDURAL BACKGROUND


 In March of 2005 Dean filed for divorce. Reimert filed an answer to the petition in
June of 2005. The divorce was called for trial on February 5, 2007. Reimert and his attorney
failed to appear at trial. After hearing the evidence presented by Dean, the trial court granted
the divorce. The court found the homestead to be the separate property of Reimert. 
However, the court found that the home had increased in value as a result of community
contributions. The court found that Dean was entitled to "some reimbursement for the
increase in value of the property, partly due to the contributions that she made as a member
of the community." The court found that the property had increased in value by $50,000 and
awarded Dean half of this increase in value, $25,000. Additionally, the court awarded a
portion of Reimert's retirement benefits, offset by Dean's own retirement benefits, in the
amount of $9,000 and an additional $5,000 for Dean's interest in the contents in the home. (2) 
A final divorce decree was entered on June 22, 2007, ordering Reimert to pay Dean $39,000
"for economic contribution" and imposing an equitable lien on the Grimes County property
to secure Dean's claim. On July 18, 2007, Reimert filed a motion for new trial claiming that
Dean's right of equitable contribution was computed incorrectly. The trial court denied the
motion for new trial and this appeal followed. 

STANDARD OF REVIEW

 A trial court is charged with dividing the community estate in a "just and right"
manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (Vernon
2006). "A trial court has broad discretion in dividing the 'estate of the parties[.]'" Raymond
v. Raymond, 190 S.W.3d 77, 82 (Tex. App.--Houston [1st Dist.] 2005, no pet.). The party
complaining of the trial court's division of property must demonstrate from the record that
the division was so unjust that the trial court abused its discretion. Pletcher v. Goetz, 9
S.W.3d 442, 446 (Tex. App.--Fort Worth 1999, pet. denied). We may reverse the trial court's
division of property only if the trial court clearly abused its discretion and if the error
materially affects the court's just and right division of the property. Nelson v. Nelson, 193
S.W.3d 624, 628 (Tex. App.--Eastland 2006, no pet.) (citing Jacobs v. Jacobs, 687 S.W.2d
731, 733 (Tex. 1985)); see also Raymond, 190 S.W.3d at 82. If there is any reasonable basis
for doing so, we must presume that the trial court exercised its discretion properly. Pletcher,
9 S.W.3d at 446. 

 Under an abuse of discretion standard, legal and factual sufficiency challenges are not
independent reversible grounds of error but are relevant factors in assessing whether the trial
court abused its discretion. Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex. App.--Austin 1997,
no pet.). In considering a "no-evidence" issue, anything more than a scintilla of evidence is
legally sufficient to support the trial court's finding. Leitch v. Hornsby, 935 S.W.2d 114, 118
(Tex. 1996). In considering a party's contention that the evidence is factually insufficient,
we consider all the evidence in the case. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402,
406-07 (Tex. 1998). The evidence will be factually insufficient only where "the evidence
. . . is so weak or the evidence to the contrary is so overwhelming that the finding should be
set aside and a new trial ordered." Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 
Because this appeal proceeds without the benefit of findings of fact and conclusions of law,
we will presume the trial court made all necessary findings to support its judgment and will
affirm based upon any legal theory that is supported by the evidence. Wilkerson v.
Wilkerson, 992 S.W.2d 719, 722 (Tex. App.--Austin 1999, no pet.). 

ISSUES


 Reimert asserts five issues on appeal. In issue one, Reimert asserts that the trial court
abused its discretion in awarding Dean a claim for economic contribution because there were
no pleadings to support the claim and no or insufficient evidence that the Grimes County
property ("Property") was enhanced in value. In issues two and three Reimert contends that
the trial court abused its discretion in finding the community was entitled to reimbursement
because there were no pleadings to support such a claim, and no or insufficient evidence to
support a reimbursement award. Reimert asserts in issue four that the pleadings did not
support the evidence presented, the evidence presented did not support the judgment, the
evidence did not support a claim for economic contribution or reimbursement, and the final
divorce decree does not conform to the evidence presented or the trial court's judgment in
open court. Finally, Reimert maintains in issue five that the trial court erred in imposing a
$39,000 equitable lien based on an erroneous judgment for economic contribution of $25,000
plus other amounts purporting to be a division of marital assets. 

ECONOMIC CONTRIBUTION AND REIMBURSEMENT


 A claim for economic contribution arises when community funds are used to reduce
the principle amount of a debt secured by a lien on the separate property of one marital estate. 
 Tex. Fam. Code Ann. § 3.402(a)(1) (Vernon 2006). A claim for economic contribution also
arises when the community makes capital improvements to one marital estate. Id. §
3.402(a)(6). A marital estate can also make a claim for reimbursement under the current
statutory scheme, as opposed to a claim for economic contribution, however such a claim is
limited to (a) two specific, narrow instances, or (b) "a factual circumstance not covered by
this subchapter." Id. § 3.408(a)(Vernon Supp. 2008). A claim for reimbursement may only
be awarded for (1) payment by one marital estate of the unsecured liabilities of another
marital estate; or (2) inadequate compensation for the time, toil, talent and effort of a spouse
by a business entity. Id. § 3.408(a). Because under the facts presented here we conclude that
Dean's claim is governed by the law of economic contribution, (3) rather than the law of
reimbursement, we need not address issues two and three.

ECONOMIC CONTRIBUTION PLEADINGS AND EVIDENCE

 Reimert asserts in issues one and four that Dean failed to plead a claim for economic
contribution or reimbursement, and contends that as a result the trial court's judgment fails
to conform to the pleadings under Rule 301 of the Texas Rules of Civil Procedure. "In
determining whether [a] judgment conform[s] to the pleadings, an appellate court should
view the pleadings as a whole. A prayer for general relief will support any relief raised by
the evidence and consistent with the allegations in the petition." Raymond, 190 S.W.3d at
83 (citing Khalaf v. Williams, 814 S.W.2d 854, 858 (Tex. App.--Houston [1st Dist.] 1991,
no writ)). In her original petition, Dean requested that the Court divide the estate in a manner
that the Court deemed just and right, as provided by law. Dean also made a prayer for
general relief. A failure to specifically plead a claim for economic contribution is not per se
fatal to recovery for such a claim under Texas law as family law courts generally construe
divorce pleadings more liberally than in other civil cases. See Jensen v. Jensen, 665 S.W.2d
107, 110 (Tex. 1984) (remanding the cause to the trial court to determine the amount of
reimbursement, if any, due to the community even where a claim for reimbursement was not
pleaded); (4)
 see also Tex. Fam. Code Ann. §§ 3.402, 3.403. We find Dean's pleading,
coupled with the evidence in the record, sufficient to include a claim for economic
contribution.

 In issues one and four, Reimert also asserts there is no or insufficient evidence to
support the economic contribution award to Dean. A spouse seeking economic contribution
bears the burden of proving that claim. See Hailey v. Hailey, 176 S.W.3d 374, 388 (Tex.
App.--Houston [1st Dist.] 2004, no pet.); Boyd v. Boyd, 131 S.W.3d 605, 613 (Tex. App.--Fort Worth 2004, no pet.). To calculate a claim for economic contribution to separate
property there must be evidence of: (1) the net equity of the separate property as of the date
of the first economic contribution to the property by the community estate or by the separate
property estate of the other spouse; (2) the amount(s) of the economic contributions (if any)
by (a) the other spouse's separate property estate, (b) the community property estate, and (c)
the separate property estate of the spouse who owns the benefited separate property; and (3)
the net equity of the separate property as of the date of divorce. See Tex. Fam. Code Ann.
§ 3.403(b), (b-1)(2). 

 It is not disputed that the Property where Dean and Reimert lived during marriage was
Reimert's separate property. The record shows the Property was purchased by Reimert in
April of 1998, four months prior to the marriage for $100,000. The record further establishes
that Reimert made a down payment of $20,000 using his separate funds, and executed a note
for $80,000 secured by the real property. Monthly mortgage payments in the amount of $745
per month were made out of community funds from September of 1998 until July of 2004,
for approximately six years. (5) Thus, there was evidence that more than $50,000 of community
funds were used to pay toward Reimert's separate debt secured by the marital homestead.

 The trial court also heard testimony regarding improvements made to the Property
during marriage. Dean testified that during the marriage the couple had built a barn and that
everything in the house had been redone or updated. Improvements to the home included
updating the plumbing, ac/heating, sinks, and the addition of new appliances. Dean offered
photographs to corroborate her testimony as to the improvements to the property. (6) Finally,
Dean testified at trial that the couple had talked to an appraiser two or three years after
purchasing the property and the value of the property had already increased two to three
times. 

 The trial court, as fact finder was charged with evaluating the evidence, including
Dean's credibility. Cardwell v. Cardwell, 195 S.W.3d 856, 859 (Tex. App.--El Paso 2005,
no pet.); see also Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals, 934 S.W.2d
349, 355 (Tex. 1996). Without specifying the contributions being referred to, the trial court
found that the value of the Property had increased by $50,000 as a result of contributions
made by the community. We have no details from the court concerning how it computed the
award as neither party requested findings of fact and conclusions of law. See Tex. Fam.
Code Ann. §6.711 (Vernon 2006). We presume the trial court made all necessary findings
to support the judgment. See Wilkerson, 992 S.W.2d at 722. 

 Though the trial court used the terms "contribution" and "reimbursement"
interchangebly, we conclude that the record contains more than a scintilla of evidence, and
is legally and factually sufficient, to support the $25,000 awarded to Dean for her claim for
economic contribution for community funds used to enhance the value of the Property. We
further find that Reimert has failed to demonstrate that the property division, including the
finding for economic contribution, was so unjust that the trial court abused its discretion. See
Pletcher, 9 S.W.3d at 446. The $25,000 awarded to Dean is supported by the record and
consistent with the allegations. Any error has not been shown to have materially affected the
court's just and right division of the property. We overrule issues one and four.

 

EQUITABLE LIEN


 In his fifth issue, Reimert complains on appeal that the trial court erred in imposing
a lien on his separate Property because the amount of the lien includes the erroneous claim
and judgment for economic contribution purporting to be $25,000, "plus other amounts
purporting to be a division of other marital assets, not entitled to be secured by an equitable
lien." The Texas Family Code directs a trial court to impose an equitable lien on property
of a marital estate to secure a claim for economic contribution in that property by another
marital estate. Tex. Fam. Code Ann. § 3.406 (Vernon 2006). Therefore, pursuant to section
3.406 an equitable lien in the amount of $25,000 against the Property was proper. The trial
court's judgment states as follows:

 IT IS ORDERED AND DECREED that Respondent pay $39000.00 to
Petitioner for economic contribution to Respondent's separate estate. The
claim shall bear interest at 12 percent per year and shall be payable on the date
that the court signs the decree. IT IS ORDERED AND DECREED that an
equitable lien to secure the claim for economic contribution is imposed in
favor of Judy A. Reimert against Ten acres and house located at 9872 Glass
Lane, Plantersville, Grimes County. 


 It is clear from the record that $25,000 was awarded to Dean for her economic
contribution to appellant's separate property, $5,000 for her interests in the contents of the
home, and $9,000 for the difference in value of Dean and Reimert's retirement accounts and
her interest in those. We hold that the court erred in imposing an equitable lien on
appellant's separate property in any amount in excess of the $25,000 awarded to Dean for
economic contribution. Because it appears from the language in the judgment that the trial
court imposed an equitable lien for the entirety of its award in the amount of $39,000 we
sustain issue five. 

 We overrule all issues save and except issue five and affirm the judgment of the trial
court, but reverse that portion of the court's order imposing an equitable lien on appellant's
separate property in excess of $25,000 for the economic contribution claim. We affirm the
award of $39,000 to Dean but reform the judgment to impose an equitable lien against the
Property in the amount of $25,000. We affirm the judgment as reformed.

 AFFIRMED AS REFORMED. 


 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 28, 2008

Opinion Delivered November 13, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.

DISSENTING OPINION



 In this case, the majority concludes that the trial court's award of contribution to Dean
is supported by the evidence and need not be pled. In my opinion, the trial court's award was
improper for three reasons. First, contribution should have been pled and was not. See
Raymond v. Raymond, 190 S.W.3d 77, 83 (Tex. App.-Houston [1st Dist.] 2005, no pet.); 
Huval v. Huval, 2007 WL 1793771, *2 n. 5 (Tex. App.-Beaumont 2007, no pet.); see also
Tex. R. Civ. P. 301. Since Reimert and his attorney did not appear at the trial, a theory of trial
by consent does not operate to salvage the pleadings deficiency. See Stoner v. Thompson, 578
S.W.2d 679, 682-83 (Tex.1979) ("A post-answer 'default' constitutes neither an abandonment
of defendant's answer nor an implied confession of any issues thus joined by the defendant's
answer."). Second, there must be evidence to support the trial court's determination of the
property's value. See Boyd v. Boyd, 131 S.W.3d 605, 613 (Tex. App.-Fort Worth, 2004, no
pet.). Here, the evidence, consisting of Dean's opinion, was not competent evidence. See
Lefton v. Griffith, 136 S.W.3d 271, 277 (Tex. App.-San Antonio 2004, no pet.); Roberts v.
U.S. Home Corp., 694 S.W.2d 129, 135 (Tex. App.-San Antonio 1985, no writ). Third, the
calculation under the economic contribution formula contained in the Family Code requires
proof of the equity in the benefitted property on the date of the dissolution of the marriage.
See Tex. Fam. Code Ann. § 3.403(b), (d) (Vernon 2006); Rogers v. Foxworth, 214 S.W.3d
196, 199 (Tex. App.-Tyler 2007, no pet.); In re Morris, 123 S.W.3d 864, 871 n. 4 (Tex.
App.-Texarkana 2003, no pet.). Here, there was no such evidence.

 Based on any one of these reasons, the trial court's judgment in my opinion should be
reversed and remanded for further proceedings to determine a just and right property division. 
Because the majority affirms a judgment not supported by the pleadings or the evidence, I
dissent. 

 ______________________________

 HOLLIS HORTON

 Justice


Dissent Delivered

November 13, 2008

 
1. Upon final divorce of this matter Judy Reimert's name was changed to her maiden
name, Judy Dean. For ease of reference, we will refer to Judy Reimert by her changed name
"Judy Dean" or "Dean." We will refer to Randy Reimert as "Reimert." 
2. Reimert does not take issue on appeal with the trial court's award to Dean in the
amount of $9,000 for Dean's interest in Reimert's retirement or the court's award in the
amount of $5,000 for her interest in the contents of the home. 
3. While the trial court sometimes mistakenly transposed the terms contribution and
reimbursement, we find that the case was tried and decided by employing the significant
principles of economic contribution. See Cardwell v. Cardwell, 195 S.W.3d 856, 860 (Tex.
App.--Dallas 2006, no pet.); see also Garcia v. Garcia, 170 S.W.3d 644, 652 (Tex. App.--El
Paso 2005, no pet.). 
4. In a concurring opinion in Jensen, Justice Robertson states:


 Until Vallone [v. Vallone, 644 S.W.2d 455 (Tex. 1983)], Texas courts
had traditionally followed a general rule of construing divorce pleadings
liberally. Cohen v. Cohen, 194 S.W.2d 273, 275 (Tex. Civ. App.--Austin
1946, no writ). The majority opinion in Vallone appeared to mark the
beginning of a shift to a policy requiring specific pleadings in family law
matters. 644 S.W.2d at 466. . . . The majority opinion [in Jensen], . . .
announces a return to a broad construction of divorce pleadings. Although a
member of the majority in Vallone, I am of the opinion that this Court's return
to a more liberal policy for construing divorce pleadings will provide trial
judges with the freedom needed to reach just decisions in complex and
sensitive family law actions. 


Jensen, 665 S.W.2d at 110-11 (Robertson, J., concurring).

5. We note that the trial court did rough calculations, rounding up to seven years, 
concluding that "at least sixty some odd thousand [dollars] of community property" were
used to pay down the mortgage. 
6. The photographs, although admitted into evidence and considered by the trial court,
were not included in the record before us as the trial court allowed the party to retain such
exhibits at the conclusion of the trial.