**Adele Louise JOHNSON, Appellant,**

v.

**Stanley Joseph JOHNSON, Appellee.**

**No. 8671.**

Court of Civil Appeals of Texas, Texarkana.

May 22, 1979.

Rehearing Denied June 26, 1979.

Stephen B. Early, Longview, for appellant.

John Fisher, Fisher & Patton, Longview, for appellee.

RAY, Justice.

This is a divorce case. Stanley Joseph Johnson, appellee, and Adele Louise Johnson, appellant, both petitioned the court for a divorce and a division of the estate of the parties. A jury was waived and the case was tried to the court. The divorce was granted and the court entered a decree dissolving the marriage and dividing the estate of appellant and appellee. The residence of the parties was declared to be the separate property of the husband and it is from that portion of the judgment that the wife has perfected her appeal. No findings of fact or conclusions of law were filed by the trial court.

Appellant-wife submits two points of error for our consideration and asserts that the trial court erred in failing to find that she owned an undivided one-half interest in the residence as her separate property. The trial court found that the residence was the separate property of the husband. The law of this State relative to appellate review, in the absence of the filing of findings of fact and conclusions of law, is that the appellate court will not substitute its opinion for that of the trial court respecting the credibility of the witnesses and the weight to be given the evidence, but the appellate court will presume that the trial court found all facts in favor of its judgment and the appellate court will be bound by such findings if supported by sufficient evidence of probative force in the record. The judgment of the trial court will be affirmed.

The pertinent facts in this case are that appellee-husband proposed marriage in May of 1973; that he came from Florida to Longview in search of a dwelling; that on July 7, 1973, he signed a contract to purchase a house in which he alone was named as the purchaser; that the parties were married on August 14, 1973; that on August 24, 1973, a deed was executed naming both husband and wife as grantees; that the husband paid the entire purchase price out of his separate funds; and, that suit for divorce was filed on May 16, 1978.

Appellant contends that a presumption of gift of an undivided one-half interest in the house and land arose when the husband paid for the property out of his separate funds but had her named along with himself as the grantees in the deed. Ordinarily, property acquired during marriage is characterized as community property. Tex. Family Code Ann. § 5.01. There was a presumption that the property here involved was community, but that presumption was overcome when the parties stipulated that the house and land were paid for out of separate funds of the husband and that the contract to purchase the property was entered into prior to the marriage. However, because the deed named husband and wife as grantees, a second presumption arose, a presumption that the husband in-

tended to give his wife an undivided one-half interest in the residence. *Hampshire v. Hampshire*, 485 S.W.2d 314 (Tex.Civ.App. Fort Worth 1972, no writ); *Carriere v. Bodungen*, 500 S.W.2d 692 (Tex.Civ.App. Corpus Christi 1973, no writ); 27 Sw.L.J. 27, 33 (1973).

The question before the trial court was whether or not the evidence adduced at the trial was sufficient to overcome the presumption of a gift to the wife of an undivided one-half interest in the property. The question before this Court is whether there was sufficient evidence of probative value presented to the trial court on which it could resolve the fact question of gift vel non. The favorable facts supporting the trial court's judgment are that:

■ The inventory and appraisement filed by the wife pursuant to the order of the court shows that the wife did not claim an undivided one-half interest in the property as her separate property, but on the contrary, showed that she claimed no interest in real estate as her separate property; that the only interest claimed in the property in question was a community interest; that the wife testified in substance that the husband had never told her that he was making a gift to her of any interest in the property; that the wife assumed it was community property; that the husband had entered into a contract to purchase the property in which he alone was named as purchaser; that the husband paid for the property solely out of his separate funds; that he was unfamiliar with Texas community property laws; that he did not instruct anyone to insert the name of his wife in the deed; that he did not see the deed or examine it before it was recorded; that the inventory filed by the husband listed the residence as his separate property; that the husband's testimony was that he never talked to his wife about giving her the property and she never talked to him about his having given her any interest in the property; that he purchased the property for himself; and, there was nothing else in writing other than the deed to indicate a gift. We have concluded that the totality of the evidence in this case together with the inferences to be drawn therefrom sustain the trial court's judgment. The evidence was sufficient to overcome the presumption of a gift, thus leaving a fact issue to be determined by the trial court, the trier of the facts in this case. The issue of whether or not there was a gift was highly disputed. We cannot say that the trial court was without sufficient evidence to conclude that the husband did not intend to make a gift to the wife of an undivided one-half interest in the real property. The trial court was in a better position to determine the credibility of the witnesses and the weight to be given their testimony and we see no reason to substitute our judgment for that of the trial court.

■ While we have concluded that the evidence supports the trial court's judgment, there is yet another reason why this case should be affirmed. Appellant-wife received and accepted from appellee-husband the sum of $5,847.00 which represents a reimbursement to Mrs. Johnson for sums expended on the house out of her one-half of the community funds and some improvements from her separate funds. The court ordered the reimbursement when it declared the house to be the separate property of Mr. Johnson. By accepting payment of the $5,847.00, together with household furniture and other community assets, she has prejudiced the rights of Mr. Johnson, the non-appealing party. The general rule, with some narrow exceptions, is that a litigant cannot treat a judgment as both right and wrong, and if he voluntarily accepts the benefits of a judgment he cannot afterwards prosecute an appeal therefrom. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Swearingen v. Swearingen*, 487 S.W.2d 784 (Tex.Civ.App. San Antonio 1972, writ dism'd). We further conclude that it can be inferred from the record that appellant-wife voluntarily accepted the benefits accorded her under the judgment and that she is therefore estopped to appeal.

The judgment of the trial court is affirmed.