Brenda Green RAYMOND, Appellant,

v.

Frank RAYMOND Jr., Appellee.

No. 01–05–00121–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 2005.

Bobby H. Caldwell, Bellaire, for appellant.

Rodney C. Wiseman, Lake Jackson, for appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Brenda Raymond filed for divorce from her husband Frank Raymond Jr., and the trial court granted the divorce. Subsequently, Brenda filed a motion for new trial, arguing errors in the division of property. The trial court denied the motion, and Brenda appealed.

In four points of error, Brenda argues that the trial court erred in (1) characterizing one piece of real property entirely as Frank's separate property; (2) overruling certain points of error in the motion for a new trial because the motion was not verified; and (3) not requiring reimbursement to the community estate for funds spent on Frank's separate real property. In a cross-point, Frank argues that Brenda is estopped from appealing the judgment.

We affirm in part and reverse and remand in part.

## Background

Brenda Raymond, appellant, and Frank Raymond Jr., appellee, were married on June 20, 1987. Prior to this, Frank had bought two pieces of real property, one in Lake Jackson, Texas, and the other in Clute, Texas. After the marriage, Frank and Brenda had a house built on the Lake Jackson property. Also during the marriage, they refinanced the Clute property and subsequently paid off the balance of the loan. Later, on Brenda's urging, Frank executed a deed to Brenda conveying an undivided one-half interest in the Lake Jackson property. After the petition for divorce was filed, the court granted the divorce and awarded both the Lake Jackson and Clute properties to Frank as his separate property. The court did not award any funds to the community estate for money spent on the two properties.

## Acceptance of Benefits Doctrine

At the outset, we note that, in a cross-point, Frank argues that Brenda is estopped from appealing the divorce judgment because she voluntarily accepted the benefits of the judgment.

After the action for divorce was initiated, Frank took out a loan against his 401(k) plan and invested the proceeds in the stock market. Brenda filed a Motion to Compel Safekeeping of Funds. In response, Frank sold the stocks and redeposited the funds except for $6,500 that he lost from his investment. At trial, the court awarded Brenda $6,500, and Frank paid that amount. Frank argues that be-

cause Brenda received this amount, she is estopped from bringing this appeal.

■■■■ Under the acceptance-of-benefits doctrine, a party that voluntarily accepts the benefits of a judgment is estopped from then attacking it on appeal. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). The record reflects, however, that Brenda has not yet accepted the benefits of the divorce judgment. Prior to appeal, Brenda posted a supersedeas bond. In setting the amount, the trial court included the award to Brenda of $6,500.00. The purpose of a supersedeas bond is to suspend the execution of the judgment during the appeal. Tex.R.App. P. 24.1(f); *In re South Tex. Coll. of Law*, 4 S.W.3d 219, 220 & n. 3 (Tex.1999). Because the judgment has been suspended, Brenda cannot be said to have accepted its benefits.

Frank's cross-point is overruled.

### Characterization of Real Property

In her first and second points of error, Brenda argues that the trial court erred in finding and ruling that the Lake Jackson property was entirely Frank's separate property.

### A. Standard of Review

■■■■ We review the trial court's characterization of property under an abuse of discretion standard. *Robles v. Robles*, 965 S.W.2d 605, 613 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). The issue of whether property is separate or community property is determined by the facts that, according to rules of law, give character to the property. *McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex.App.-Houston

[1st Dist.] 1995, writ denied). To determine whether there is legally sufficient evidence to support a finding, an appeals court considers only the evidence and inferences that support the finding and disregards all evidence and inferences that support the contrary. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex. 1988); *Robles*, 965 S.W.2d at 615. If there is any evidence to support the finding, the appeals court must uphold the finding. *Sherman*, 760 S.W.2d at 242.

To determine whether the evidence was factually sufficient to support a finding, an appeals court considers and weighs all evidence that was before the trial court. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). An appeals court sets a finding aside only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* Similarly, a trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Herbage v. Snoddy*, 864 S.W.2d 695, 698 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

### B. Analysis

Prior to their marriage, Frank purchased property in Lake Jackson, Texas. Property purchased prior to marriage is that spouse's separate property. Tex. Fam. Code Ann. § 3.001(1) (Vernon 1998). During the marriage, however, Frank executed a deed conveying an undivided one-half interest in the property to Brenda. It is the effect of this conveyance on the character of the property that we now review.

Both parties cite to cases holding that evidence of a gift of separate property from one spouse to another can be rebutted by evidence that a gift was not intended.[1] *See, e.g., In re Marriage of Morris,*

1. Both parties assume that the deed, reciting a consideration of $10.00 "and other valuable

consideration," evidenced proof of a gift. We recognize that there is conflicting case law on

12 S.W.3d 877, 883 (Tex.App.-Texarkana 2000, no pet.); *Johnson v. Johnson,* 584 S.W.2d 307, 308–09 (Tex.Civ.App.-Texarkana 1979, no writ). The parties, however, cite to a line of cases that do not apply here. *Johnson* and the other cases in this line deal with situations where one spouse purchases real estate with his or her separate property, but both spouses' names appear as grantees on the deed *from that sale. Id.* at 308. In those cases, a rebuttable presumption is raised that the spouse intended to give the other spouse an undivided one-half interest in the property as a gift. *Id.* at 308–09.

■ Those are not the facts of the present case. Here, it is undisputed that Frank owned the property before the marriage, and he was the only grantee named on that deed. Therefore, it was his separate property from the inception. After Frank and Brenda married, Frank executed a separate deed to Brenda conveying an undivided one-half interest in the Lake Jackson property. Frank was the only grantor, and Brenda was the only grantee.

■ This case instead falls in line with *Massey* where we held that parol evidence is not admissible to vary the terms of an unambiguous document. *Massey v. Massey,* 807 S.W.2d 391, 405 (Tex. App.-Houston [1st Dist.] 1991, writ denied). It is for the court to construe an unambiguous document as a matter of law. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *Massey,* 807 S.W.2d at 405. A spouse who is a party to a deed transaction may not introduce parol or extrinsic evidence to contradict the express recitals in

the deed without first tendering evidence of fraud, accident, or mistake. *Henry S. Miller Co. v. Evans,* 452 S.W.2d 426, 431–32 (Tex.1970); *Massey,* 807 S.W.2d at 405. Evidence of the parties' intent can be introduced only if there is a latent or patent ambiguity. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex.1995).

Frank never presented evidence at trial of fraud, accident, or mistake; nor did he establish any ambiguity in his deed to Brenda. Absent such evidence, the trial court erred in considering parol evidence of intent. *Dalton v. Pruett,* 483 S.W.2d 926, 929 (Tex.Civ.App.-Texarkana 1972, no writ). The deed was unambiguous on its face, and, as a matter of law, it effectively transferred an undivided one-half interest in the Lake Jackson property to Brenda.

■ When there has been a conveyance of property by one spouse to another and a delivery of the deed, the presumption exists that it was the intention of the grantor spouse to make the property the separate property of the grantee spouse and in the absence of fraud, accident, or mistake, such conveyance cannot be disturbed. *Brothers v. Brothers,* No. 14–96–00364–CV, 1997 WL 7012, at *1 (Tex.App.-Houston [14th Dist.] Jan. 9, 1997, no writ) (not designated for publication) (*quoting Dyer v. Dyer,* 616 S.W.2d 663, 665 (Tex. Civ.App.-Corpus Christi 1981, writ dism'd)). Thus, we hold that an undivided one-half interest in the Lake Jackson property became Brenda's separate property.

whether this is evidence of a gift or of valuable consideration. *Compare Saldana v. Saldana,* 791 S.W.2d 316, 320 (Tex.App.-Corpus Christi 1990, no writ) (holding consideration of $1.00 is sufficient to evidence a sale), *with Hall v. Barrett,* 126 S.W.2d 1045, 1047 (Tex. Civ.App.-Forth Worth 1939, no writ) (holding

that recited consideration of $10.00 is "usual and customary formal recitation used in deeds of gift"). Our holding on appellant's points of error, however, is the same regardless of whether the conveyance was a sale or gift. Therefore, we will assume, without holding, that the conveyance was a gift.

Brenda's first and second points of error are sustained.

### Verification of Motion for New Trial

In her third point of error, Brenda argues that the trial court erred in overruling three grounds for a new trial because the motion was not verified and did not contain any affidavits.

### A. Standard of Review

The standard of review for the denial of a motion for new trial is abuse of discretion. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988) (orig.proceeding). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### B. Analysis

In three out of thirteen points of error in the motion for new trial, Brenda complained of the trial court's failure "in not awarding to the community" money spent on the properties in Lake Jackson and Clute, Texas. At the hearing on the motion, Brenda attempted to introduce testimony to support her arguments. Frank objected to the testimony on the grounds that the motion for new trial had not been verified. The trial court sustained the motion and overruled the three points of error.

■■■ Brenda argues that this court has never before held that a motion for new trial must be verified as a prerequisite to introducing facts outside the record at the hearing. Frank, however, cites an early case from this court that held verification is required. *Krider v. Hempftling*, 137 S.W.2d 83, 87 (Tex.Civ.App.-Galveston 1940, no writ); *accord Smith v. Mike Carl-*

*son Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.-Forth Worth 1996, no writ); *Zuniga v. Zuniga*, 13 S.W.3d 798, 803 n. 4 (Tex. App.-San Antonio 1999, no pet.), *overruled on other grounds*, 124 S.W.3d 163 (Tex. 2003). We reaffirm this holding today. When a party seeks a new trial based on newly discovered evidence, the motion for new trial must verify that the evidence is true and correct. Accordingly, we hold that the trial court did not abuse its discretion in overruling three points of error in Brenda's motion for new trial based on the fact that the motion had not been verified.

Brenda's third point of error is overruled.

### Reimbursement

■■■ In her fourth point of error, Brenda argues that the trial court erred in not reimbursing the community estate for funds spent on improvements on the Lake Jackson property and for funds spent on paying off a refinancing loan on the Clute property.

### A. Standard of Review

■■■ The standard of review for property division issues in family law cases is abuse of discretion. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998). A trial court has broad discretion in dividing the "estate of the parties," but must confine itself to community property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977). If a court of appeals finds reversible error that materially affects the trial court's "just and right" division of property, then it must remand the entire community estate for a new division of the property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex.1985). In reviewing the factual sufficiency of Brenda's affirmative claims, for which she has the burden of proof, we examine all the evidence in the

record, including any evidence contrary to the judgment, to determine if the challenged finding is so weak as to be clearly wrong and manifestly unjust. *See Cain,* 709 S.W.2d at 176. If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion. *Wilson v. Wilson,* 132 S.W.3d 533, 537 (Tex.App.-Houston [1st Dist.] 2004, pet. denied).

**B. Analysis**

As an initial matter, the claims that Brenda argues on appeal are not reimbursement claims. Reimbursement claims deal with payment of unsecured liabilities and compensation for time, toil, and talent. TEX. FAM.CODE ANN. § 3.408(b) (Vernon Supp.2004–2005). These claims, instead, involve economic contribution-where one marital estate makes an economic contribution to the property of another marital estate. TEX. FAM.CODE ANN. § 3.403(a) (Vernon Supp.2004–2005). Nowhere in Brenda's pleadings did she request economic contribution, and she did not urge it at trial.

Furthermore, even if these were reimbursement claims, they were never addressed in her pleadings. In Brenda's final amended petition for divorce, she pled for reimbursement "for funds or assets expended by the community estate for payment of unsecured liabilities of [Frank's] separate estate." Neither of the claims about which she now complains fits under this category. The claims also do not appear anywhere in her inventory and appraisement of the marital estate, nor do they appear in her suggested division of community property.

A judgment must conform to the pleadings in a case. TEX.R. CIV. P. 301; *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 812 (Tex.1983); *Khalaf v. Williams,* 814 S.W.2d 854, 858 (Tex.App.-Houston [1st Dist.] 1991, no writ). In determining whether the judgment conformed to the pleadings, an appellate court should view the pleadings as a whole. *Khalaf,* 814 S.W.2d at 858. A prayer for general relief will support any relief raised by the evidence and consistent with the allegations in the petition. *Id.*

At trial, Brenda testified that the Clute property had been refinanced for "30 something thousand dollars" and that the loan was paid back with community property. She further testified that community property funds had been used to pay for the construction of the house on the Lake Jackson property, but no dollar amount was identified. Frank testified, however, that the house had been paid for entirely out of Frank's separate property. No further testimony or other evidence was offered to establish the specific dollar amount alleged to have come from the community estate or to prove that the funds had in fact come from the community estate.

The claims argued on appeal were not a part of Brenda's pleadings. They were not correctly identified as economic contribution claims, nor were they listed as reimbursement claims. While some evidence as to the claims was presented at trial, a specific dollar amount was not identified and there was little in the way of proof that the contribution actually came from the community estate. Viewing the pleadings as a whole along with the testimony at trial, we hold that the trial court did not abuse its discretion in not awarding money to the community estate based on any economic contribution claims.

Brenda's fourth point of error is overruled.

**Conclusion**

We reverse that portion of the judgment of the trial court for a re-division of the

Lake Jackson property in light of our holding that appellant owns, as her separate property, a one-half undivided interest in the Lake Jackson property. In all other respects, we affirm the judgment of the trial court.