**Betsy Ruth MAGNESS, Appellant**

v.

**Charles Daniel MAGNESS, III, Appellee.**

**No. 05–06–00451–CV.**

Court of Appeals of Texas, Dallas.

Dec. 20, 2007.

Leslie G. Martin, Martin & Vrana, L.L.P., Dallas, TX, for Appellant.

Eric L. Williams, Law Office of Eric Williams, Kaufman, TX, for Appellee.

Before Chief Justice THOMAS and Justices LANG and MAZZANT.

## OPINION

Opinion by Chief Justice THOMAS.

In one issue in this divorce proceeding, appellant challenges the trial court's characterization of certain real property as one-half her separate property and one-half appellee's separate property. We affirm the trial court's ruling.

### Background

Appellant and appellee married on March 19, 1988. Prior to the marriage, appellant owned a home on 2.233 acres of land in Forney, Texas. The parties continued to reside in the home after the marriage. The mortgage on the home was refinanced in 1993 and, during the refinancing process, appellant executed a deed transferring a one-half interest in the home to appellee. Appellant filed for divorce on March 19, 2004.

During trial, appellant testified she signed the deed as part of the refinancing process and did not intend to make a gift to appellee. Appellee did not testify about whether appellant made him a gift of a

half-interest in the home. The trial court found appellant and appellee each owned a one-half interest in the home as their separate property. Appellant contends the trial court abused its discretion in awarding one-half of the home to appellee as his separate property because there is factually insufficient evidence to support the finding appellant made a gift to appellee.

## Standard of Review

When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Prague v. Prague*, 190 S.W.3d 31, 38 (Tex.App.-Dallas 2005, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

A factual sufficiency of the evidence challenge is not an independent ground for asserting error under the abuse of discretion standard, but is a relevant factor in assessing whether the trial court abused its discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied). When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of factual sufficiency review. *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex.2002); *Moroch*, 174 S.W.3d at 857. We give due consideration to evidence the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the fact was proven. *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002); *Moroch*, 174 S.W.3d at 858. A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the finding. *Moroch*, 174 S.W.3d at 857.

## Analysis

Whether property is separate or community is determined by its character at inception. *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex.2001); *Prague*, 190 S.W.3d at 38. Separate property is property owned or claimed by a spouse before marriage or acquired by a gift, devise, or descent during marriage. TEX. CONST. art. XVI, § 15; TEX. FAM.CODE ANN. § 3.001 (Vernon 2006). Here, it is undisputed appellant owned the home prior to the parties' marriage and that it was her separate property at the time of the marriage. The question is whether the 1993 deed evidenced a gift from appellant to appellee.

A gift is a voluntary transfer of property to another made gratuitously and without consideration. *Hilley v. Hilley*, 161 Tex. 569, 575, 342 S.W.2d 565, 569 (1961); *Panhandle Baptist Found., Inc. v. Clodfelter*, 54 S.W.3d 66, 72 (Tex.App.-Amarillo 2001, no pet.). The elements of a gift are (1) the intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Clodfelter*, 54 S.W.3d at 72; *Roberts v. Roberts*, 999 S.W.2d 424, 432 (Tex.App.-El Paso 1999, no pet.). A spouse may make a gift of separate property to the other spouse. *Roberts*, 999 S.W.2d at 432. A deed for property from one spouse as grantor to the other spouse as grantee creates a presumption the grantee spouse received the property as separate property by gift. *Raymond v. Raymond*, 190 S.W.3d 77, 81 (Tex.App.-Houston [1st Dist.] 2005, no pet.); *Roberts*, 999 S.W.2d at 432. The presumption may be rebutted by proof the deed was procured by fraud, accident, or

mistake. *Raymond,* 190 S.W.3d at 81; *Roberts,* 999 S.W.2d at 431.

 Appellant argues the evidence is factually insufficient to support the trial court's finding she made a gift of a one-half interest in the home to appellee.[1] The deed shows appellant as the grantor and appellee as the grantee and transfers a one-half interest in the home to appellee, creating the presumption of a gift. However, appellant testified she signed the deed as a condition of refinancing the home and, although the deed "had [appellant] put on the property," she did not intend to give appellee a gift of an interest in the home. She thought the deed was a necessary part of the refinancing. On cross-examination, appellant testified "I see my name on there, and it says warranty deed, but I don't know when and why and how." Appellee was not questioned about whether he received a gift from appellant of a one-half interest in the home.

 The trial court, as the fact finder, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Prague,* 190 S.W.3d at 37. The trial court was free to disbelieve any or all of appellant's testimony. *Cardwell v. Cardwell,* 195 S.W.3d 856, 859 (Tex. App.-Dallas 2006, no pet.). Thus, the trial court could have concluded appellant did not establish fraud, accident, or mistake in the execution of the deed and, therefore, failed to rebut the presumption of a gift to appellee.

The trial court did not abuse its discretion in awarding appellee one-half of the home as his separate property. Therefore, we affirm the trial court's judgment.

---

1. Appellant also argues appellee's sworn inventory in which he listed the home as community property is a judicial admission by appellee that he has no separate property interest in the home. Appellant did not argue in the trial court that appellee had judicially admitted the home was not his separate property. Accordingly, appellant has waived this argument on appeal. Tex.R.App. P. 33.1(a)(1)(A); *Sherman v. Merit Office Portfolio, Ltd.,* 106 S.W.3d 135, 140–41 (Tex.App.-Dallas 2003, pet. denied).