Opinion issued April 21, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00992-CV

———————————

Therese Cornwell
Zoller, Appellant

V.

Joseph John Zoller, Appellee



 



 

On
Appeal from the County Court at Law No. 3

Galveston
County, Texas



Trial Court Case No. 08FD2248

 



 

MEMORANDUM OPINION

Appellant, Therese Cornwell Zoller,
appeals from a decree of divorce dissolving the marriage between appellee,
Joseph John Zoller, and herself.  In four
issues, appellant argues the trial court abused its discretion by (1)
characterizing two vehicles as Joseph’s separate property; (2) denying her
claims for economic contribution; and (3) unequally dividing the community
estate between the parties.[1]

We affirm in part and reverse and remand in part.

                                                                                                                                                                
Background

Therese and Joseph were married on June 28, 2003.  Joseph owned a home prior to the marriage
that became their residence during the marriage.  Two weeks before the wedding, Joseph obtained
a new $160,000 mortgage to make some improvements to the property.  Therese contributed $2,551.34 to the
improvement of the property.  After the
improvements were completed, the value of the home went from $200,000 to $249,000.  All payments on the mortgage during the
marriage were paid out of Joseph’s and Therese’s salaries either jointly or
individually.

During the marriage, Joseph obtained another new mortgage
on the property for $170,000.  With this
new mortgage, Joseph paid off his old mortgage and had $22,000 to $23,000
remaining.  The amount of principal
remaining on the mortgage at the time of the divorce was $165,000.

Also during the marriage, Joseph’s parents gave him a 1997
Oldsmobile and a 2001 Mercury Marquis. 
Joseph did not pay anything for the Oldsmobile.  Joseph testified at trial that the Mercury
“was partially a gift.”  He explained
that he agreed to pay his father $1,000 for the car and one of Joseph’s sons
agreed to pay another $1,000.  Joseph
valued the car at $4,500.

In the judgment, the trial court determined that the
Oldsmobile and Mercury were Joseph’s separate property.  The trial court also denied Therese’s claims
for economic contribution.

                                                                                                                                
Characterization of Vehicles

In her first issue, Therese argues that the trial court
erred in characterizing vehicles that Joseph obtained from his parents as his
separate property.

A.              
Standard of Review and Applicable Law

Separate property consists, in part, of property owned or
claimed by the spouse before marriage.  Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 3.001(1)
(Vernon 2006).  “Community property
consists of the property, other than separate property, acquired by either
spouse during marriage.”  Tex. Fam. Code Ann. § 3.002
(Vernon 2006).  “Property possessed by
either spouse during or on dissolution of marriage is presumed to be community
property.”  Id. § 3.003(a) (Vernon 2006). 


To defeat the community property presumption, a spouse
must establish by clear and convincing evidence that property is separate
property.  Id. § 3.003(b).  Clear
and convincing evidence is defined as “the measure or degree of proof that will
produce in the mind of the trier of fact a firm belief or conviction as to the
truth of the allegations sought to be established.”  Tex.
Fam. Code Ann. § 101.007 (Vernon 2008).  “The presumption, which is not evidence,
ceases to exist upon introduction of positive evidence to the contrary and is
not then to be weighed or treated as evidence.” 
Harris v. Harris, 765 S.W.2d
798, 802 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

When conducting a legal-sufficiency review under the
heightened burden of proof for establishing separate property, we must “look at
all the evidence in the light most favorable to the finding to determine
whether a reasonable trier of fact could have formed a firm belief or conviction
that its finding was true.”  In re J.F.C., 96 S.W.3d 256, 266 (Tex.
2002); see also Stavinoha v. Stavinoha,
126 S.W.3d 604, 608 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying
standard to determination of separate property).  We must “assume that the factfinder resolved disputed
facts in favor of its finding if a reasonable factfinder could do so,” and “disregard
all evidence that a reasonable factfinder could have disbelieved or found to
have been incredible.”  J.F.C., 96 S.W.3d at 266.

B.              
Analysis

This dispute concerns a 1997 Oldsmobile and a 2001 Mercury
Marquis that Joseph received from his parents. 
Joseph testified that the Oldsmobile was a gift from his parents.  No other evidence regarding the Oldsmobile
was offered.  Joseph testified at trial
that the Mercury “was partially a gift.” 
He explained that he agreed to pay his father $1,000 for the car and one
of Joseph’s sons agreed to pay another $1,000. 
Joseph valued the car at $4,500.

A gift is a “voluntary transfer of property to another
made gratuitously and without consideration.” Magness v. Magness, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007,
pet. denied) (citing Hilley v. Hilley,
342 S.W.2d 565, 569 (Tex. 1961)); see
also In re L.R.P., 98 S.W.3d 312, 314 (Tex. App.—Houston [1st Dist.] 2003,
pet. dism’d) (holding “[b]y definition, a gift is the voluntary transfer of
property without consideration or compensation”).  To establish the existence of a gift, the
party must prove three elements: (1) intent to make a gift; (2) delivery of the
property; and (3) acceptance of the property.  Magness,
241 S.W.3d at 912.

The only testimony regarding the Oldsmobile was Joseph’s
testimony that it was a gift from his parents. 
We hold that this is sufficient to establish that the car was a gift.

The very fact that Joseph’s father agreed to and received
consideration in exchange for the Mercury, however, establishes that it was not
given as a gift.  See Magness, 241 S.W.3d at 912. 
We hold Joseph failed to establish by clear and convincing evidence that
the Mercury was a gift.  

We sustain Therese’s first issue as it applies to the
Mercury and overrule the remainder of her issue.

                                                                                                                   
Claims for Economic Contribution

In her third and fourth issues, Therese argues the trial
court abused its discretion by denying her claims for economic contribution by
the community estate and her separate estate.

A.              
Standard of Review and Applicable Law

The standard of review for property division issues in
family law cases is abuse of discretion.  See
Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Raymond v. Raymond, 190 S.W.3d 77, 82
(Tex. App.—Houston [1st Dist.] 2005, no pet.).  If a court of appeals finds reversible error
that materially affects the trial court’s “just and right” division of
property, then it must remand the entire community estate for a new division of
the property.  Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985).  In reviewing the factual sufficiency of Therese’s
affirmative claims, for which she has the burden of proof, we examine all the evidence
in the record, including any evidence contrary to the judgment, to determine if
the challenged finding is so weak as to be clearly wrong and manifestly unjust.
 See
Raymond, 190 S.W.3d 77, 82–83.  If
the division of marital property lacks sufficient evidence in the record to support
it, then the trial court’s division is an abuse of discretion.  Id.
at 83.

The law applicable at the time of this case provided that
a marital estate that makes an economic contribution to property owned by
another marital estate has a claim for economic contribution against the
benefited estate.  Act of May 28, 2003,
78th Leg., R.S., ch. 230, § 1, 2003 Tex. Gen. Laws 1056, 1056, repealed by Act of May 19, 2009, 81st
Leg., R.S., ch. 768, § 11(3), 2009 Tex. Gen. Laws 1950, 1953 (former
Family Code section 3.403(a)).  In a
decree of divorce, the court shall determine the rights of both spouses in a
claim for economic contribution and—in a manner that the court considers just
and right, having due regard for the rights of each party—shall order the
benefitted estate to reimburse the contributing estate or estates.  Act of May 18, 2001, 77th Leg., R.S., ch. 838,
§ 5, 2001 Tex. Gen. Laws 1679, 1683–84, amended by Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 7,
2009 Tex. Gen. Laws 1950, 1952–53 (former Family Code section 7.007(a)).  A spouse seeking economic contribution must
bring forth sufficient evidence for the factfinder to determine the enhancement
value to the benefited estate.  Hailey v. Hailey, 176 S.W.3d 374, 388 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).

When, as here, the appellate record contains a complete
reporter’s record, we review the trial court’s findings of fact under the same
standards for legal and factual sufficiency that govern review of jury
findings.  Id. at 383.  The trial court
acts as factfinder and is the sole judge of the credibility of witnesses in a
bench trial.  Id.  Accordingly, the trial
court may consider all the facts and circumstances in connection with the
testimony of each witness and accept or reject all or part of that testimony.  Id.  An appellate court may not substitute its
judgment for the trial court’s assessment of witnesses’ testimony in a bench
trial.  Id.  

We review a trial court’s conclusions of law as legal
questions, de novo, and will uphold them on appeal if the judgment can be
sustained on any legal theory supported by the evidence.  BMC
Software Belgium v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Hailey, 176 S.W.3d at 383.  An appellant may not challenge a trial court’s
conclusions of law for factual sufficiency, but we may review the legal
conclusions drawn from the facts to determine their correctness.  BMC
Software, 83 S.W.3d at 794.  If we
determine that a conclusion of law is erroneous, but that the trial court
nevertheless rendered the proper judgment, the error does not require reversal.
 Id.  

B.              
Analysis

Because the benefitted estate is the husband’s separate
property, the amount of the claim based on economic contribution is equal to
the product of the equity in the husband’s separate property on the date of
divorce (“Equity 2”) multiplied by a fraction in which the numerator is the
economic contribution to the husband’s separate property by the other estates (“Other
Estates’ Contributions”) and the denominator is an amount equal to the sum of
the Other Estates’ Contributions, the equity in the husband’s separate property
as of the date of the first contribution by the community estate (“Equity 1”),
and the economic contribution by the husband’s separate estate (“Husband’s
Separate Contribution”).  See Act of May 28, 2003, 78th Leg.,
R.S., ch. 230, § 1, 2003 Tex. Gen. Laws 1056, 1056 (repealed 2009) (former
Family Code section 3.403(b), (b-1)(2)). 
This is mathematically represented as: Economic Contribution = Equity 2
x (Other Estates’ Contributions / (Other Estates’ Contributions + Equity 1 +
Husband’s Separate Contribution)).  See id. 


The trial court did not require Joseph’s separate estate
to repay any claims for economic contribution. 
The trial court made specific findings determining the net equity in
Joseph’s separate property home at the time of the marriage and at the time of
the divorce.  In her brief, Therese
challenges the sufficiency of these findings.

The trial court did not make any findings regarding any
contributions either by the community estate or by Joseph’s separate
estate.  Because the trial court did not
award any economic contribution to the community estate, the implicit finding
regarding any such contributions are either (1) the trial court determined that
no economic contributions were made by the community estate or (2) while there
was evidence that contributions were made, there was insufficient evidence to
determine the amounts of those contributions or the source of those
contributions.  We consider each of the
economic contribution factors in turn.

1.                
Equity in the home as of the date of the first
contribution by the community estate (Equity 1).

The trial court found that the value of the house at the
time of the marriage was $200,000.  While
evidence of other amounts was presented as well, both parties asserted at
various points during the trial that the house was worth $200,000 at the time
of the marriage.  This finding, then, is
both legally and factually sufficient.

The trial court also found that the amount of the mortgage
on the home at the time of the marriage was $125,000.  Therese disputes this finding, claiming that
the evidence established that the amount of the mortgage on the home at the
time of the marriage was $160,000.  We
agree.  Joseph testified that, at some
point prior to the marriage, there was a mortgage on the home in the amount of roughly
$115,000.  Both parties agreed, however,
that—two weeks before the marriage—Joseph pulled equity out of the home by
obtaining a new mortgage on the home for $160,000.  There was no evidence presented that the
mortgage was ever $125,000.

The mortgage for $160,000 was introduced into
evidence.  It showed that the mortgage
was entered into two weeks before the marriage and that the payments on the
mortgage were monthly.  Accordingly, the
evidence establishes that the value of the home and the amount of the mortgage
at the time of the marriage was the same as the value of the home and of the
mortgage as of the date of the first contribution by the community estate.  The difference between the value of the home
($200,000) and the amount of the mortgage ($160,000) establishes that the
equity in the home at that time was $40,000. 
Equity 1, therefore, is $40,000.

2.                
Economic contributions to the home by the other
estates (Other Estates’ Contributions)

Therese claimed economic contribution for both the
community estate and her separate estate. 
In her third issue, Therese argues the trial court erred in denying her
claim for economic contribution by her separate estate.[2]  Therese presented evidence that she wrote a
check in the amount $2,551.34 for the purchase of tile that was added to
Joseph’s house.  Therese testified that
the money came from the proceeds of the sale of a home she owned prior to the
marriage.  The money was deposited into a
bank account that only contained her separate property funds, and the check was
written from that account.  Joseph agreed
that Therese had sold a home she owned prior to the marriage and that she wrote
a check in the amount claimed to purchase for tile for his home.  No other evidence regarding the purchase and
use of the tile was presented.

As it applies to this case, economic contribution is
defined to include the dollar amount of “capital improvements to property other
than by incurring debt.”  Act of May 18,
2001, 77th Leg., R.S., ch. 838, § 2, sec. 3.402, 2001 Tex. Gen. Laws 1679,
1680, amended by Act of May 19, 2009,
81st Leg., R.S., ch. 768, § 3, 2009 Tex. Gen. Laws 1950, 1951–52 (former
Family Code section 3.402(a)(6)). 
Addition of tile to the home is a capital improvement.

In her fourth issue, Therese argues the trial court erred
in denying her claim for economic contribution by the community estate.  As an initial matter, Therese argues that the
trial court improperly excluded one of her exhibits, which provided a list of
the monthly payments on the mortgage during the marriage.  This exhibit, which is a part of our
appellate record, shows the total amount of the monthly payments on the
mortgage.  Economic contribution for
mortgage payments, as defined by the statute, includes only “the reduction of
the principal amount of a debt
secured by a lien on property owned before marriage.”  Id.
(former Family Code section 3.402(a)(1)). 
It explicitly excludes expenditures for interest paid.  Id.
(former Family Code section 3.402(b)(1)). 
Because Therese’s excluded exhibit only showed the total amount of the
monthly payments and did not separate what portions applied to principal and
what portions applied to interest, the trial court did not err in excluding the
exhibit.

Nevertheless, there is evidence in the record of the
amount of principal reduction on the mortgage during the marriage.  The evidence established that, two weeks
before the marriage, Joseph obtained a new mortgage on the property for the
amount of $160,000.  Joseph also
testified that, in 2007, he obtained another new mortgage on the property for
$170,000.  With this new mortgage, Joseph
paid off his prior mortgage and had $22,000 to $23,000 remaining.  Accordingly, $12,000 to $13,000 in principal
had been paid before this new mortgage was obtained.

Joseph also testified that, at the time of the trial,
$165,000 remained on the most recent mortgage. 
Accordingly, $5,000 in principal had been paid after the new mortgage
was obtained.  

Both parties testified that, during their marriage, family
finances were paid out of Joseph’s and Therese’s salaries either jointly or
individually.  This included payments on
the mortgage.  Salaries received during
the marriage are community property.  See Bell v. Moores, 832 S.W.2d 749, 752
(Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding personal earnings
are community property if earned during marriage).  The evidence establishes, then, that between
$17,000 and $18,000 was paid as an economic contribution by the community
estate to Joseph’s separate estate.

The Other Estate’s Contributions, then, are $17,000 to
$18,000 by the community estate and $2,551.34 by Therese’s separate estate.

3.                
Contributions to the equity in the home by
Joseph’s separate estate (Husband’s Separate Contribution)

The parties agreed that, two weeks prior to the marriage,
Joseph obtained a new mortgage on his home. 
Joseph obtained some money from the then-existing equity in his home
with this new mortgage.  The money
obtained was his separate property.  See Tex.
Fam. Code Ann. § 3.001(1) (providing property possessed or claimed
prior to the marriage is separate property). 
Joseph used the money to construct an addition to the home as well as
make other improvements on the property. 
At trial, Joseph introduced into evidence a retrospective appraisal
determining the value of the property subsequent to these improvements to be
$249,000.  Therese presented no evidence
to contradict this evidence.

Given that the trial court determined the value of the
property at the time of the marriage to be $200,000, this evidence establishes
that the money spent by Joseph’s separate estate to improve the equity of the
property during the marriage (the Husband’s Separate Contribution) was $49,000.

4.                
Equity in the property at the time of divorce
(Equity 2)

The trial court found that that the amount remaining on
the mortgage at the time of the parties’ divorce was $175,000 and that the
value of the home at the time of the divorce was $245,000.  Therese does not contest the trial court’s
determination of the value of the home at the time of the divorce.  She does contest, however, the trial court’s
determination of the amount remaining on the mortgage.  Therese argues there is no evidence to
support this finding.  We agree.

The uncontradicted evidence at trial established that the
amount remaining on the mortgage at the time of the trial was $165,000.  The uncontradicted evidence also established
that the amount of the mortgage was never above $170,000.  Subtracting the amount remaining on the
mortgage ($165,000) from the value of the home ($245,000) establishes that the
equity in the property at the time of the divorce (Equity 2) was $80,000.

5.                
Calculations

The evidence at trial established that Equity 1 is
$40,000; Equity 2 is $80,000; and the Husband’s Separate Contribution is
$49,000.  There is an unresolved fact
issue about the amount for the Other Estates’ Contributions because there is an
unresolved fact issue about how much principal was paid on the mortgage
existing at the beginning of the marriage. 
Regardless of how this issue is resolved, however, the evidence at trial
established that a claim for economic contribution existed.  Taking the most conservative amount presented
at trial for principal paid on the initial mortgage ($12,000), the Other
Estates’ Contributions equals $19,551.34 ($2,551.34 + 12,000 + 5,000).  Following the statutory formula for
calculating the amount owed under a claim for economic contribution, these
facts establish that the amount owed is $14,408.92 (that is, economic
contribution = 80,000 x ($19,551.34 / ($19,551.34 + 40,000 + 49,000))).  Of that amount, $1,880.28 is the
proportionate amount owed to Therese’s separate estate and $12,528.64 is the
proportionate amount owed to the community estate.

If, however, the amount for principal paid on the initial
mortgage is $13,000, then the Other Estates’ Contributions equals $20,551.34
($2,551.34 + 13,000 + 5,000).  The amount
owed for economic contribution, then, is $15,007.64 (that is, economic
contribution = 80,000 x ($20,551.34 / ($20,551.34 + 40,000 + 49,000))).  Of that amount, $1,863.12 is the
proportionate amount owed to Therese’s separate estate and $13,144.52 is the
proportionate amount owed to the community estate.

Regardless of how this fact issue is resolved, the
evidence establishes that both the community estate and Therese’s separate
estate are entitled to claims for economic contribution from Joseph’s separate
estate.  A trial court has the discretion
to order the benefitted estate to reimburse the contributing estate or estates in
a manner that the court considers just and right, having due regard for the
rights of each party.  Act of May 18,
2001, 77th Leg., R.S., ch. 838, § 5, 2001 Tex. Gen. Laws 1679, 1683–84
(amended 2009) (former Family Code section 7.007(a)).  We find nothing in the record, the judgment,
or in the trial court’s findings of fact and conclusions of law, however, suggesting
that the community estate and Therese’s separate estate would not be entitled
to at least some, if not all, of the amount claimed for economic contribution.

We sustain Therese’s third and fourth issues.

                                                                                                                     
Division of the Community Estate

In her second issue, Therese argues the trial court abused
its discretion by unequally dividing the community estate between the parties.

A.              
Standard of Review

Pursuant to the Texas Family Code, the trial court “shall
order a division of the estate of the parties in a manner that the court deems
just and right, having due regard for the rights of each party and any children
of the marriage.”  Tex. Fam. Code Ann. § 7.001
(Vernon 2006); See also Alsenz v.
Alsenz, 101 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied).  The trial court has broad
discretion in dividing the marital property and its division will not be
disturbed on appeal unless the complaining party shows that the trial court
clearly abused its discretion.  Alsenz,
101 S.W.3d at 654–55 (citing Murff v. Murff, 615 S.W.2d 696, 698 (Tex.
1981)).  While the trial court has broad discretion
in dividing the community estate, it must confine itself to the community
property.   Jacobs, 687 S.W.2d at
733.  When the court of appeals concludes
that the trial court has mischaracterized property and thus abused its
discretion in dividing the community estate, the reviewing court may not
substitute its discretion for that of the trial court but must remand for a
“just and right” division of the community estate, a matter lying solely within
the discretion of the trial court.  Id. at 732–33.

B.              
Analysis

We note initially that, while Therese challenges the trial
court’s division of the community estate, she does not challenge the trial
court’s characterization of what is separate property (other than in her first issue,
above) or the trial court’s determination of the values for the items considered
part of the community estate. 
Accordingly, these findings are binding on this court.  See Merry
Homes, Inc. v. Luu, 312 S.W.3d 938, 950 (Tex. App.—Houston [1st Dist.]
2010, no pet.) (holding unchallenged findings are binding on appellate courts).

The trial court determined that the following items were
part of the community estate: a portion of Joseph’s retirement savings plan; a
washer, a dryer; living room furniture; a printer; a bunk bed set; two
computers; two trampolines; some cows; a horse; a Ford F350; a Toyota 4 Runner;
and a Polaris 4-Wheeler.[3]  Based on the trial court’s determination of
the values of the items and how they were divided between the parties, the
trial court awarded Joseph 53% of the community estate and Therese 47% of the
estate.

Therese argues that certain items belonging to the
community estate were excluded from the judgment and the trial court’s findings
of fact and conclusions of law.  The tile
added to the home has already been addressed as an economic contribution and
will not be included here.   Other items,
such as the swimming pool, deck, shed, and skateboard half pipe, are fixtures
to Joseph’s separate property.  Fixtures
become a part of the realty and are not considered individually as part of the
community estate.  See Act of May 18, 2001, 77th Leg., R.S.,
ch. 838, § 2, sec. 3.402, 2001 Tex. Gen. Laws 1679, 1680 (amended 2009)
(former Family Code section 3.402(a)(6)) (requiring claim for improvements to
real property to be brought as claim for economic contribution); Reames v. Hawthorne-Seving, Inc., 949
S.W.2d 758, 761 (Tex. App.—Dallas 1997, pet. denied) (holding fixtures, unless
they are trade fixtures, are improvements that are permanent parts of the
realty).

The other items Therese claims are missing are a
refrigerator, a lawn mower, and a weed eater. 
These items are in Joseph’s possession. 
The judgment does not require Joseph to turn them over to Therese.  Accordingly, they have effectively been
awarded to Joseph.  Adding these items to
the trial court’s division of the community estate, the trial court awarded 54%
of the community estate to Joseph and 46% of the estate to Therese.

The trial court has broad discretion in dividing the
marital property and its division will not be disturbed on appeal unless the
complaining party shows that the trial court clearly abused its
discretion.  Alsenz, 101 S.W.3d at
654–55.  Therese has not presented any
argument in her brief for why a 54/46 split of the community estate constitutes
an abuse of discretion by the trial court.

We overrule Therese’s second issue.  Nevertheless, because our disposition of
Therese’s other issues require including other items to the community estate,
we must remand this case to the trial court for a new assessment of how to
divide the community estate.  See Jacobs,
687 S.W.2d at 732–33 (holding if appellate court finds reversible error materially
affecting trial court’s property division, we must remand for new division of
community estate).

                                                                                                                                                                   
Conclusion

We reverse the trial court’s judgment as far as it characterizes
the 2001 Mercury Marquis as Joseph’s separate property and it fails to account
for the claims for economic contribution by the community estate and Therese’s
separate estate.  Because these actions affect
the division of the community estate, we reverse the portion of the judgment
dividing the community estate.  In all
other respects, we affirm the judgment of the trial court.  We remand for the trial court to resolve the
fact issue regarding economic contribution, to assess the claims for economic
contribution pursuant to the former section 3.403 of the Texas Family Code, and
to reassess the division of the community estate.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Higley, Brown, and Bennett.[4]











[1]           Therese includes a fifth section in her brief disputing
certain findings of facts and conclusions of law filed by the trial court.  With the exception of citing one memorandum
opinion for the proposition that we can reverse a judgment on the basis of
erroneous findings of fact and conclusions of law, the section does not include
any citation to legal authority.  See Tex.
R. App. P. 38.1(i) (requiring briefs to include citations to legal
authorities).  Additionally, Therese
provides no explanation of how these claimed erroneous findings and conclusions
harmed her or in any way led to error in the judgment.  Accordingly, we do not treat this section as
an independent issue for consideration. 
Instead, we consider these challenges to the findings of fact and conclusions
of law to the degree it is apparent that the challenges relate to Therese’s
other issues on appeal.





[2]           Therese frames the issue as a claim for reimbursement.  Because the claim involves a capital
improvement to property, however, this is more accurately described as a claim
for economic contribution.  Act of May
18, 2001, 77th Leg., R.S., ch. 838, § 2, sec. 3.402, 2001 Tex. Gen. Laws
1679, 1680, amended by Act of May 19,
2009, 81st Leg., R.S., ch. 768, § 3, 2009 Tex. Gen. Laws 1950, 1951–52 (former
Family Code section 3.402(a)(6)).





[3]           While the Polaris was not listed in the trial court’s
findings of facts and conclusions of law, the judgment awarded it to
Therese.  The parties agreed at trial
that it was valued at $2,500.

 





[4]           The Honorable Alfred H. Bennett, Judge of the 61st District
Court of Harris County, participating by assignment.