

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00450-CV

Brennan **SHORT**,
Appellant

v.

Jamie **SHORT**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-23177
Honorable Nadine Melissa Nieto, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Lori Massey Brissette, Justice
               Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

AFFIRMED

This case involves the trial court's characterization of property in a decree of divorce. Brennan Short ("Husband") asserts the trial court erred by finding the property was the separate property of Jamie Short ("Wife") despite the fact that she signed a deed granting him an interest in the property. Based on the record before us and applying the deference due the trial court as the finder of fact, we affirm the trial court's judgment.

## BACKGROUND

The parties were married in March of 2017. Long before they married, in 2014, Wife purchased a home in the Fair Oaks neighborhood of Boerne, Texas. Less than a year after marriage, the couple purchased property together in Willow City, Texas that was subject to a mortgage. In November of 2020, the couple chose to refinance the Wife's Boerne property in order to pay off the Willow City debt. As part of that refinancing transaction, Wife signed a deed that granted to Husband a ½ interest in the Boerne property so that he could be put on the new mortgage and be jointly responsible for the new debt. Upon dissolution of the marriage, the trial court found the Boerne property, in its entirety, to be the separate property of Wife. Husband appeals that determination.

### TRIAL COURT DID NOT ERR IN ALLOWING TESTIMONY REGARDING INTENT

At trial, Wife testified that she did not intend to grant Husband a right to the property despite the existence of the deed that evidenced such a transfer. Husband contends the trial court erred in allowing Wife to testify as to her intent in signing the deed, specifically asserting that such evidence is barred by the rule against parol evidence. *See, e.g. Kahn v. Kahn*, 58 S.W. 825, 827 (Tex. 1900). But, the Texas Supreme Court recently allowed such testimony in the context of a marital transfer.

In *In re J.Y.O.*, the Texas Supreme Court did recognize that, where one spouse deeds an interest in property to the other spouse during the marriage, a "presumption is raised that the [owner] spouse intended to give the other spouse an undivided one-half interest in the property as a gift." 709 S.W.3d 485, 493–94 (Tex. 2024) (quoting *Raymond v. Raymond*, 190 S.W.3d 77, 81 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). However, in the context of a marital transfer, the Court held the grantor spouse can seek to overcome the gift presumption by putting on evidence

"clearly establishing there was no intention to make a gift." *Id.* at 497 (citing *Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex. 1975)). Only where the deed includes express recitals that the deeded one-half interest is to be the separate property of the grantee does the parol evidence rule apply to bar testimony to the contrary. *Id.* Because, here, the deed does not include such recitals, the trial court did not err in allowing Wife to present testimony seeking to disprove an intent to gift an interest in the property to Husband.

### THE EVIDENCE IS SUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDING

Husband contends the trial court unconstitutionally divested him of a separate property right when it determined the Boerne property to be the sole property of Wife. *See* TEX. CONST. art. I, § 19; *Cameron v. Cameron*, 641 S.W.2d 210, 213 (Tex. 1982) ("Allowing a trial court to divest separate property from one spouse and award it to the other spouse as part of the latter's separate estate would impermissibly enlarge the exclusive constitutional definition of separate property."). But, in order for such a constitutional issue to be posed, we first have to determine if the trial court erred in finding the entirety of the Boerne property to be the sole separate property of Wife.

Under the Texas Constitution, separate property consists of property owned or claimed by a spouse before marriage and property acquired by a spouse during the marriage by gift, devise or descent. TEX. CONST. art. 16, § 15; TEX. FAM. CODE § 3.001; *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977). Here, there is no dispute that Wife came into the marriage with the Boerne property.

Husband instead contends his undivided interest was acquired by gift from Wife during the marriage. We agree that, due to the existence of the deed mentioned above, he benefitted by the gift presumption. *See J.Y.O.*, 709 S.W.3d at 493–94. But, as set forth above, Wife then had the opportunity to overcome that presumption with evidence disproving any intent to gift the interest

to her husband, or more specifically that the deed was procured by fraud, accident, or mistake. *Id.* at 493–97; *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied); *Raymond v. Raymond*, 190 S.W.3d 77, 81 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Roberts v. Roberts*, 999 S.W.2d 424, 431 (Tex. App.—El Paso 1999, no pet.).

Because the trial court held she did overcome the burden, we review that determination under an abuse of discretion standard which requires the finding to be supported by clear and convincing evidence. *Motley v. Motley*, 390 S.W.3d 689, 692 (Tex. App.—Dallas 2012, no pet.); *Magness*, 241 S.W.3d at 912; *see also* TEX. FAM. CODE § 3.003(b). A trial court abuses its discretion when it acts arbitrarily or unreasonably or when it acts without reference to guiding principles. *Magness*, 241 S.W.3d at 912 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). "A factual sufficiency challenge is not an independent ground for asserting error under the abuse of discretion standard but is a relevant factor in assessing whether the trial court abused its discretion." *Id.* (citing *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied)). We do, though, apply a higher standard of factual sufficiency review when the burden of proof at trial is, as here, clear and convincing evidence. *Id.* (citing *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002)). Under such a heightened standard of review, we give due deference to the factfinder as the sole arbiter of the credibility of witnesses and the weight to be given their testimony while determining whether the factfinder could have reasonably formed a firm conviction or belief that the fact was proven. *Id.* (citing *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)).

In reviewing whether Wife presented sufficient evidence to overcome the presumption, we look to the record to determine if a fact finder could have reasonably formed a firm conviction or belief that she did not intend for the deed to grant him a separate property interest in the Boerne

property. *Id.* at 912–13; *see also J.Y.O.*, at 494–95. "An assertion that the evidence is factually insufficient means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered." *In re Marriage of Moncey*, 404 S.W.3d 701, 707 (Tex. App.—Texarkana 2013, no pet.) (quoting *In re Marriage of Parker*, 997 S.W.2d 833, 836 (Tex. App.—Texarkana 1999, pet. denied)).

At trial, Wife testified that Husband broached the subject of taking the equity out of her separate property home and using it to pay off the mortgage on the Willow City property in order to lower their monthly bills. She stated she refused but then over the next several months Husband kept arguing about it until she "just got beat down" and agreed to refinance her property. She went further to state that he "was extremely angry" when she said no and that she was concerned because he had made threats of suicide. According to Wife, it all culminated in one night when they fought over the potential refinance and he disappeared, requiring her to call the police and to search for him, finding him the next morning. After that, she states that the relationship "[c]ontinued to be volatile. We [sic] continued to question and push the refinance. I continued to say no. Things continued to get broken until finally I gave in." She testified, "But we had a very clear agreement that if we went sideways and we weren't real stable at that time—but if we went sideways that would be reimbursed . . . ."

Husband's erratic behavior continued until she filed for divorce just two years later. In fact, there was much testimony about Husband's fall from professional success to drug abuse, lawsuits, and criminal charges. Wife introduced a text exchange between the two spouses in which she states, "Both the RV and the land was based off your next bonus. A no brainer at the time. And then the wheels fell apart. I wasn't comfortable with mortgaging the land against the house, but you were such a baby about it that night. We argued over what to do. You disappeared. Cops

called. Driving around Austin to find you. I was so grateful to find you. I would have agreed to anything. Then I did. And now the house is tied to all that." He responded, "I have nor will I manipulate you. Refinance was to lower monthlies, nothing else. Know that." And, in testifying, Husband agreed that the purpose of the transaction was simply to lower their monthly bills.

Given the deference owed to the trial court as the sole arbiter of the credibility of the witnesses and the weight to be given their testimony, we hold the evidence is sufficient to support the trial court's finding that the deed was not intended as a gift of a one half interest in the property to Husband but was procured by fraud, duress, or mistake.[1] Because the trial court held that the Husband did not gain an interest in the property by the deed transfer, and because we affirm that holding, we need not address his contention that the trial court's award of the property to Wife constituted an unconstitutional taking of his property.

We overrule Husband's points of error and affirm the trial court's judgment.

Lori Massey Brissette, Justice

---

[1] Husband asserts on appeal that Wife failed to plead fraud, accident, or mistake below. But no objection was made in the trial court when the issue was tried. Thus, the matter was tried by consent. *See* TEX. R. CIV. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *In re M.G.G.*, 673 S.W.3d 363, 369 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.) (citing TEX. R. CIV. P. 67).