REVERSE and RENDER; Opinion issued February 5, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00292-CV

## STEVEN L. SHILLING, Appellant

V.

## KERRY PAIGE GOUGH, Appellee

On Appeal from the 302nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. 05-00755-U

# OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion By Justice Richter

Steven L. Shilling appeals the trial court's Order on Petitioner's First Amended Petition for

Enforcement of Permanent Injunction (the "Order") insofar as it awards attorney's fees to appellee

Kerry Paige Gough. In four issues, Shilling challenges both the legal basis and the evidentiary

support for the award. Because we conclude the trial court lacked a legal basis for the award of fees

to Gough, we reverse that award.

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

## BACKGROUND

Shilling and Gough were divorced in 2005. Their agreed divorce decree included the following provision:

> The Court finds that the parties have agreed to the entry of the following permanent injunction:
>
> The permanent injunction ORDERED below shall become effective immediately and shall be binding on Petitioner, Kerry Paige Shilling; on her agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is hereby waived.
>
> IT IS THEREFORE ORDERED AND DECREED that Petitioner, Kerry Paige Shilling, is permanently enjoined and restrained from:
>
>> Disclosing to any person, including by or through her agents, servants, employees, attorneys, agents, acquaintances, and/or family members any information about Respondent's past or current medical history.

Three years after the divorce became final, Shilling filed a Petition for Enforcement of Permanent Injunction by Contempt. In that petition, Shilling contended Gough had violated the injunction by disclosing information about his medical history to (a) the Texas Medical Board, (b) Gough's friend, Susan Colon, and (c) Gough's current husband, Todd Gough. Shilling subsequently amended his petition, dropping his allegations concerning disclosure to the Texas Medical Board.

Following a bench trial, the trial court concluded Gough had not violated the injunction. That conclusion rested largely on the court's ruling that when the injunction forbade "disclosure" of Shilling's medical history, it did not mean "discussion" of Shilling's medical history with individuals who already knew about that history, such as Colon and Todd Gough. The court denied all relief sought by Shilling and granted Gough's request for attorney's fees, awarding her judgment in the amount of $96,001.65. Shilling requested findings of fact and conclusions of law, and the trial court

issued them. Shilling then objected to a number of the findings and conclusions and requested additional and amended findings and conclusions. The trial court issued its Amended Findings of Fact and Conclusions of Law, but its basic conclusions remained unchanged: Shilling was denied all relief, and Gough was awarded $96,001.65 from Shilling for attorney's fees.

## GROUNDS FOR AWARDING ATTORNEY'S FEES

In his first issue, Shilling contends the trial court erred by awarding attorney's fees absent the requisite statutory authority. Texas courts operate on the settled rule that—absent a contract or statute—trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006). Moreover, we may not infer the authorization of attorney's fees; instead, that authorization must be provided for by the express terms of the statute in question. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). In this case, the trial court found that attorney's fees were authorized by section 9.014 of the family code and by an unidentified statutory authority as sanctions.

### Waiver

Initially, we address Gough's contention that Shilling failed to preserve any complaint regarding the award of attorney's fees. Both parties sought to recover attorney's fees in the trial court: Shilling based his claim on the contractual nature of the divorce decree and section 38.001 of the Texas Civil Practice and Remedies Code; Gough did not cite any statutory or contractual authority, but she pleaded that Shilling should be ordered to pay reasonable attorney's fees because "this suit is frivolous and brought for the purposes of harassment only."

In the court's original findings of fact and conclusions of law, the trial court failed to identify the legal basis for the award to Gough. Shilling objected and asked for findings that would

–3–

specifically identify the statutory basis for the judgment. The trial court then stated in its amended findings that the award was authorized by section 9.014 and as sanctions. The record indicates the parties appeared before the court on rehearing, and—after hearing Shilling's arguments—the court stated it would withhold its ruling while it considered its authority to award the attorney's fees. The court did ultimately confirm its original ruling and, at a second hearing concerning entry of judgment, Shilling again objected to the award as being outside the court's authority. We conclude Shilling raised and preserved his challenge to the statutory authority of the trial court to award these attorney's fees.

## Award Under Section 9.014

The trial court specifically found "it had statutory authority to make the attorney's fees award pursuant to Texas Family Code § 9.014." Our review of this finding requires statutory interpretation, and thus we employ a de novo standard of review. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). We ascertain legislative intent by examining the statute's plain language. *See id.* The provision at issue states:

> The court may award reasonable attorney's fees in a proceeding under this subchapter. The court may order the attorney's fees to be paid directly to the attorney, who may enforce the order for fees in the attorney's own name by any means available for the enforcement of a judgment for debt.

TEX. FAM. CODE ANN. § 9.014 (West Supp. 2012). The subchapter to which section 9.014 refers is Subchapter 9(A), titled "Suit to Enforce Decree." We read section 9.014 in the context of that subchapter. *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994) ("Words in a vacuum mean nothing. Only in the context of the remainder of the statute can the true meaning of a single provision be made clear.").

Subchapter 9(A) begins with a description of who may seek enforcement:

> A party affected by a decree of divorce or annulment providing for a division of property as provided by Chapter 7 may request enforcement of that decree by filing a suit to enforce as provided by this chapter in the court that rendered the decree.

TEX. FAM. CODE ANN. § 9.001 (West 2006). Gough contends that because Shilling is a "party affected by a decree of divorce . . . providing for a division of property," this enforcement action lies within the subchapter, even though Shilling's suit involves an injunction against speech and not a division of property. But the remainder of the subchapter makes clear that the Legislature contemplated only an enforcement action dealing with property issues when enacting this section. For example, ensuing provisions authorize the divorce court "to enforce the property division," *id.* § 9.002, to render a money judgment when "delivery of property awarded in the decree is no longer an adequate remedy," *id.* §9.010(a), and to "enforce by contempt an order requiring delivery of specific property or an award of a right to future property." *Id.* § 9.012. The supreme court has confirmed that the Legislature intended to limit this subchapter's reach to enforcement and clarification of property divisions. *Brown v. Fullenweider*, 52 S.W.3d 169, 170-71 (Tex. 2001) ("[T]he obvious purpose of former sections 3.70–.77 of the Family Code, currently sections 9.001–.014, was to provide an expeditious procedure for enforcing and clarifying property divisions in divorce decrees."); *see also Douglas v. Ingersoll*, 14-05-00666-CV, 2006 WL 2345968 (Tex. App.—Houston [14th Dist.] Aug. 15, 2006, pet. denied) (a suit to enforce should not involve "any issues other than those related to the division of a marital estate") (memo op.).

We conclude Shilling's action to enforce an injunction against speech is not governed by Subchapter 9(A) of the family code. Thus, the attorney's fee provision in that subchapter, section 9.014, cannot serve as authority for the award of fees to Gough in this action.

## Award as Sanctions

The trial court also found that "it had statutory authority to award attorney's fees as sanctions." However, the record contains neither a motion for sanctions nor a notice of any kind to Shilling indicating that sanctions were being sought against him. Gough's answer contained the conclusory statement that "this suit is frivolous and brought for the purposes of harassment only." She cited no statutory basis for the award of fees, and the trial court cited no specific statute in its amended finding that it awarded the fees as sanctions pursuant to "statutory authority." Given this background, we begin our review of this award with serious concerns concerning the trial court's compliance with the requirement of due process. A trial court's ability to impose severe sanctions is limited by constitutional due process. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). In this context, at a minimum, due process requires notice of the possibility sanctions will be imposed and an opportunity to be heard. *See Magnuson v. Mullen*, 65 S.W.3d 815, 823 (Tex. App.—Fort Worth 2002, pet. denied).

> The trial court did make the following findings:
>
> The Court finds that STEVEN SHILLING did not have a good faith basis for his allegations against KERRY GOUGH in this cause of action.
>
> The Court finds that STEVEN SHILLING's suit was frivolous.
>
> The Court finds that STEVEN SHILLING brought his suit in bad faith.
>
> The Court finds that STEVEN SHILLING brought his suit for purposes of harassment of KERRY GOUGH.
>
> The Court finds that STEVEN SHILLING brought his suit for purposes of creating financial hardship for KERRY GOUGH regarding attorney's fees incurred for her defense.

In the absence of a statutory citation—either from Gough or the trial court—we use the above-quoted findings to identify a possible basis for the fee award. Because these findings focus solely on the

nature of Shillings' suit and the reasons he brought it (as opposed to discovery abuse) they implicate two possibilities: chapter 10 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules of Civil Procedure.

We review the imposition of sanctions under both of those provisions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We will reverse a trial court's ruling only if the court acted without reference to any guiding rules and principles, making its ruling arbitrary or unreasonable. *Id.* We presume that pleadings are filed in good faith. *Id.* In this case Gough was the party seeking sanctions, so she bore the burden of overcoming this presumption of good faith. *See id.*

### Chapter 10

Chapter 10 of the civil practice and remedies code can provide statutory authority for a sanction based upon a party's filing suit for improper purposes. The chapter begins with a statement of the standard for properly bringing a pleading or motion:

> The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:
>
> > (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation.
> >
> > (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) each denial in the pleading or motion of a factual contention is warranted
> on the evidence or, for a specifically identified denial, is reasonably based on
> a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (West 2002). The chapter then identifies the procedures to follow if a party's pleading or motion falls short of this standard. A party may move for sanctions based on specific conduct violating section 10.001, or the trial court may, "on its own initiative," enter an order describing the specific conduct believed to violate the section and then "direct the alleged violator to show cause why the conduct has not violated that section." *Id.* § 10.002(a,b). If the sanction is requested in a motion by a party (rather than on the court's initiative), then the court must assure the alleged violator receives notice of the motion and an opportunity to respond. *Id.* § 10.003. Finally, if the trial court determines there has been a violation of section 10.001 and that a sanction is appropriate, the court is to describe in an order the conduct determined to be a violation and explain the basis for the sanction imposed. *Id.* § 10.005.

At oral argument, counsel for Gough contended this case "fits" within chapter 10 because the trial court found that Shilling failed to make reasonable inquiry into the facts he alleged before filing his enforcement action. But we cannot say that Gough or the trial court complied with the procedural requirements of chapter 10. There is no indication that Shilling ever knew before pronouncement of the trial court's judgment that there was a possibility he could be sanctioned. The trial court did not assure he received notice, and he was given no opportunity to defend against specific allegations of a violation of section 10.001. Finally, there is no sanctions order that even makes reference to chapter 10, let alone one that specifically identifies a violation and the court's reasoning for the sanction. We conclude that if the trial court intended to award Gough attorney's fees as a sanction under chapter 10 of the Texas Civil Practice and Remedies Code, it failed to follow

-8-

the mandatory procedures of that chapter. Thus, the court abused its discretion, and the sanction cannot stand.

## *Rule 13*

Rule 13 states in relevant part:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215,1 upon the person who signed it, a represented party, or both.

TEX. R. CIV. P. 13. Under this rule, the standards are "groundless and brought in bad faith" or "groundless and brought for the purpose of harassment." *See id.* The rule specifically defines what "groundless" means in this context: "[having] no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* As we discussed above, the trial court found Gough did not violate the injunction based on its interpretation of the injunction's language. The court found the word "disclose" did not apply to Gough's conversations with Colon or Todd because both already knew about Shilling's medical condition. That ruling was not self-evident; the court could have concluded that any conversation concerning Shilling's medical condition had the potential to "disclose" new information. We cannot say Shilling's argument that the injunction forbade such conversations had no basis in law or fact. Thus, we conclude Shilling's claim was not groundless. *See id.* Accordingly, if the trial court intended to award Gough attorney's fees as a sanction under rule 13, it abused its discretion, and that sanction cannot stand either.

Gough stresses the trial court's finding that Shilling failed to make an independent investigation of his claims before filing his petition. But that finding does not by itself overcome

the presumption that Shilling had a good faith belief in the charges he made. Gough also complains that Shilling dropped some claims—as well as his request that Gough be jailed for contempt—during the course of the litigation. But it is not sanctionable to dismiss a claim when discovery establishes that the claim is not viable. Nor is it sanctionable to temper the severity of remedies one seeks.

Finally, we note again the absence of fundamental due-process safeguards in the award of sanctions under these facts. Such an award—made without appropriate notice or hearing—can have a significant chilling effect on the litigation process. If a defendant's conclusory statement that a claim is "frivolous" and "brought for purposes of harassment" serves as a sufficient basis for recovering her attorney's fees, fewer plaintiffs may risk bringing even the most worthy claims.

We sustain Shilling's first issue.

## CONCLUSION

We conclude the trial court had no statutory basis for awarding attorney's fees to Gough in this action. Accordingly, we reverse the trial court's Order insofar as it (a) finds that Gough's request for attorney's fees should be granted, and (b) orders that Gough is awarded $96,001.65 in attorney's fees and costs. We order that Gough take nothing on her request for attorney's fees. Because we have resolved Shilling's first issue in his favor, we need not address his remaining issues.

MARTIN RICHTER
JUSTICE

110292F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN L. SHILLING, Appellant

No. 05-11-00292-CV     V.

KERRY PAIGE GOUGH, Appellee

Appeal from the 302nd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
05-00755-U).
Opinion delivered by Justice Richter,
Justices Lang-Miers and Myers
participating.

     In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** insofar as it (a) finds that appellee Kerry Paige Gough's request for attorney's fees should be granted and (b) orders that appellee Kerry Paige Gough is awarded $96,001.65 in attorney's fees and costs, and judgment is **RENDERED** that appellee Kerry Paige Gough take nothing. It is **ORDERED** that appellant Steven L. Shilling recover his costs of this appeal from appellee Kerry Paige Gough.

Judgment entered February 5, 2013.

MARTIN RICHTER
JUSTICE