**Affirmed and Opinion Filed June 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00624-CV

**ISAAC CLAY, Appellant**
**V.**
**VICKY CLAY, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-54284-04**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Appellant Isaac Clay, appearing pro se, appeals from a final order on his motion for enforcement of final decree of divorce and on appellee Vicky Clay's motion for sanctions. In seven issues, appellant alleges the trial court erred in: (1) awarding the marital homestead on Nightfall Drive to Vicky when no gift was intended; (2) awarding the Ford Explorer to Vicky when no gift was intended; (3) failing to enter judgment regarding the educational accounts; (4) failing to enter judgment on Isaac's claim for economic contribution against Vicky's separate estate; (5) ordering Isaac to file a full and unconditional release of the lis pendens on the marital homestead; (6) ordering Isaac to file a full and unconditional release of all claims to property asserted in his recorded schedule of separate property; and (7) taxing attorney's fees against

Isaac on the basis that his claims were groundless and made in bad faith for the purpose of harassment. We affirm.

## Background

Isaac Clay and Vicky Cowan, f/k/a Vicky Clay, were divorced on January 24, 2005. Isaac had filed the divorce pro se, using pre-printed forms, and had alleged that there was no community property to divide. The divorce decree also states that there was no community property to divide.

On March 30, 2011, Isaac and Vicky consented to an Agreed Order declaring that a promissory note jointly payable to them was Vicky's separate property, consistent with the finding in the decree that there had been no community property requiring division. However, in October of 2011, Isaac filed a pro se contested "motion for enforcement" of the 2005 divorce decree, in which he alleged that four items of property in Vicky's possession were his separate property and should be delivered to him: (a) the real property on Nightfall Drive, where Vicky resided; (b) a 2002 Ford Explorer pick-up truck; (c) two 529 Qualified Education Program Accounts; and (d) a timeshare interest in property located in Smith County, Texas. Isaac also sought reimbursement of funds he claimed to have paid on a debt secured by Oklahoma property owned by Vicky and asked that it be enforced against the promissory note he had agreed belonged to Vicky through the March 2011 Agreed Order.

On November 22, 2011, the trial court held a hearing on Isaac's "motion for enforcement" and Vicky's motion for sanctions. During the course of the hearing, Isaac appeared pro se and stated his motion was not one for enforcement, but actually a motion to divide undivided property under section 9.201 of the family code. After hearing the testimony of Vicky, Isaac, and Vicky's counsel on attorney's fees and both sides' arguments, the trial court entered its order on Isaac's "motion for enforcement" and Vicky's motion for sanctions, in

pertinent part, as follows: (1) the real property located on Nightfall Drive was transferred to Vicky as a gift during marriage, is her separate property, and is awarded to her; (2) the 2002 Ford Explorer was transferred to Vicky as a gift during marriage, is her separate property, and is awarded to her; (3) the two 529 Qualified Education Program Accounts established for the benefit of Vicky's minor children were fully expended for their intended purpose and are no longer available for division; (4) Isaac shall cause to be filed a full and unconditional release of the lis pendens he filed and a full and unconditional release of all claims to property asserted in the schedule of separate property; (5) Vicky shall recover $3,000.00 for reasonable and necessary attorneys' fees incurred in defending the claims found to be groundless and to have been made in bad faith; and (6) all relief not granted herein is denied.

**Analysis**

We review a trial court's division of the estate of the parties for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). To constitute an abuse of discretion, the property division must be manifestly unfair. *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.–Austin 2002, no pet.). The trial court has wide discretion and can take many factors into consideration in making a just and right division of the community property. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). However, the trial court has no discretion to divest a spouse of separate property. *Eggemeyer v. Eggemeyer*, 554, S.W.2d 137, 141-42 (Tex. 1977).

We construe pro se briefs liberally; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). In his brief, Isaac raises seven issues for our review.

*1.    Real Property*

In his first issue, Isaac contends the trial court erred when it awarded the marital homestead on Nightfall Drive to Vicky when no gift was intended.

Separate property includes the property acquired by the spouse during the marriage by a gift, devise or descent. TEX. FAM. CODE ANN. § 3.001. "A deed for property from one spouse as grantor to the other spouse as grantee creates a rebuttable presumption that the grantee spouse received the property as separate property by gift." *See In re Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.−Amarillo 2011, no pet.); *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.−Dallas 2007, pet. denied). The presumption may be rebutted by proof the deed was procured by fraud, accident or mistake. *Magness*, 241 S.W.3d at 912-13. Whether property given by one spouse to the other is a gift and the recipient's separate property is a fact-intensive decision. *In re Marriage of Skarda*, 345 S.W.3d at 671. The trial court, as factfinder in this case, is the sole judge of the credibility of the witnesses and may accept or reject any or all of a witness's testimony. *Id*. at 672; *Magness*, 241 S.W.3d at 913. The trial court was free to believe or disbelieve any or all of the testimony. *Cardwell v. Cardwell*, 195 S.W.3d 856, 859 (Tex. App.−Dallas 2006, no pet.).

The record before us demonstrates that, in November 2004, Isaac issued a quitclaim deed in favor of Vicky, deeding her the Nightfall Drive property at issue. The record also includes a March 31, 2011 email from Isaac to Vicky in which he states: "I know I bought and paid for the house you live in, then gave it to you." During the hearing, Isaac testified he paid for the Nightfall Drive property with funds he received from a settlement, entitling him to the property. However, his original petition for divorce and the 2005 divorce decree state there is no community property to divide. Vicky testified, and Isaac agreed, that the first time he made a claim to the property in question was six years after the final divorce decree was issued. The only evidence presented to rebut the presumption the Nightfall Drive property was a gift was

Isaac's testimony that he only intended to give Vicky the house temporarily, though "[a]t the time, [he] did not have a plan for when [he] would reacquire the property or how it would play out." Further, Isaac agreed there was "no written agreement that says that [he was] supposed to get anything back."

Given the record before us, we conclude the trial court could have reasonably concluded Isaac failed to establish fraud, accident or mistake in the execution of the quitclaim deed and, therefore, failed to rebut the presumption of a gift of the Nightfall Drive property to Vicky. *See Magness*, 241 S.W.3d at 913. The trial court did not abuse its discretion. *See Schlueter*, 975 S.W.2d at 589. We overrule Isaac's first issue.

## 2. *Ford Explorer*

In his second issue, Isaac argues the trial court erred in awarding the 2002 Ford Explorer to Vicky when no gift was intended. Where the husband furnishes the consideration from his separate estate and takes title to the property in the name of his wife, it will be presumed that in taking the title in the wife's name, he intended to make a gift of the property to the wife. *See Carriere v. Bodungen*, 500 S.W.2d 692, 694 (Tex. Civ. App. 1973); *Caffey's Ex'rs v. Cooksey*, 47 S.W. 65, 67 (Tex. Civ. App. 1898).

In the March 31, 2011 email from Isaac to Vicky, he also states: "And I know I bought and paid for a truck for you." During the hearing, Isaac testified that he "tendered the cash to be able to purchase the truck," and he believed the title was "only put in her name." Again, we note his original petition for divorce and the 2005 divorce decree state there is no community property to divide. Vicky testified, and Isaac agreed, that the first time he made a claim to the property in question was six years after the final divorce decree was issued. The only evidence raised to rebut the presumption the 2002 Ford Explorer was a gift was Isaac's testimony that he did not intend for it to be a gift.

Having reviewed the record before us, we conclude the trial court did not abuse its discretion and could have reasonably concluded Isaac failed to rebut the presumption the 2002 Ford Explorer was a gift to Vicky.  *See Magness*, 241 S.W.3d at 913; *Carriere*, 500 S.W.2d at 694.  We overrule Isaac's second issue.

### 3.      *Educational Accounts*

In his third issue, Isaac contends the trial court erred in failing to enter judgment regarding the 529 Qualified Educational Accounts.  During Isaac's questioning of Vicky, he elicited testimony that he had transferred educational funds to Vicky for the benefit of her two youngest daughters.  Vicky testified she used the funds to support her daughters as they went through college, and the accounts were closed because the "funds were exhausted." Isaac testified he believed funds still remained in the accounts, but offered no evidence supporting this belief.

In its order, the trial court found the educational accounts at issue were fully expended for their intended purpose and were no longer available for division.  The trial court was free to believe or disbelieve any or all of Isaac's testimony.  *Cardwell*, 195 S.W.3d at 859.  Because there was nothing to divide, we conclude the trial court did not abuse its discretion. *See Schlueter*, 975 S.W.2d at, 589.  We overrule Isaac's third issue.

### 4.      *Promissory Note*

In his fourth issue, Isaac complains the trial court erred in failing to enter judgment on Isaac's claim for "economic contribution" against Vicky's separate estate.  Specifically, Isaac refers to his right of reimbursement with regard to a 2002 promissory note, payable by Max E. Henry and Alison Henry to Isaac and Vicky.

Prior to 2009, the Family Code provided for "economic contribution," a statutory right of reimbursement for contributions by one marital estate to another.  *See, e.g., Nelson v. Nelson*,

193 S.W.3d 624, 628 (Tex. App.−Eastland 2006, no pet.) (citing former section 3.402). In 2009, the sections of the Family Code addressing economic contribution were amended to provide instead for reimbursement and offset between marital estates. *See* TEX. FAM. CODE ANN. § 3.402; *Hinton v. Burns*, No. 05-12-01494-CV, 2014 WL 2134555, at \*12 n. 6 (Tex. App.−Dallas May 22, 2014, no pet.). The rule of reimbursement is purely an equitable one. *See Vallone v. Vallone*, 644 S.W.2d 455, 458 (Tex. 1982); *see also* TEX. FAM. CODE ANN. § 3.402(b) (the court shall resolve a claim of reimbursement by using equitable principles). The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable. *Vallone*, 644 S.W.2d at 459. Reimbursement is not available as a matter of law, but lies within the discretion of the court. *See id.* at 459.

Isaac contends the trial court, in its order on the motion for enforcement and motion for sanctions, did not address Isaac's asserted right of reimbursement with regard to the promissory note. Our review of the record demonstrates Isaac is correct. However, during the hearing, the trial court stated on the reimbursement claim: "[T]he property in Oklahoma has previously been settled by an Order that was entered by agreement in which that property was awarded to [Vicky] in this matter." The record includes the March 31, 2011 agreed order in which the trial court ordered the promissory note "is the separate property of Vicky Cowan, and Vicky Cowan is awarded all rights under and appurtenant" to the promissory note. The trial court further ordered the payor to make all payments under the promissory note solely to Vicky. Isaac testified that he agreed and signed the agreed order. Therefore, the promissory note at issue had already been addressed in a prior order.[1] In addition, we note that the trial court's order is denoted as a "final

---

[1] We further note that nothing in the record demonstrates why Isaac's claim for reimbursement could not have been asserted in the original divorce petition.

order" and includes the following "Mother Hubbard" clause: "All relief not granted herein is denied." *See In re Daredia*, 317 S.W.3d 247, 248-49 (Tex. 2010). We, therefore, conclude the trial court did not abuse its discretion and properly disposed of Isaac's claim for reimbursement. *See Vallone*, 644 S.W.2d at 459. We overrule Isaac's fourth issue.

### 5. *Lis Pendens*

Isaac next contends the trial court erred in ordering Isaac to file a full and unconditional release of the lis pendens he filed incident to this cause on the marital homestead. Specifically, he argues the trial court's order requiring him to file a "release" of lis pendens is not the appropriate mechanism to remove the cloud to title. We disagree. The filing of a release is both a customary and proper mechanism for removing the cloud on title.[2] *See, e.g., Alford v. Thornburg*, 113 S.W.3d 575, 580 (Tex. App.−Texarkana 2003, no pet.); *First Nat. Petroleum Corp. v. Lloyd*, 908 S.W.2d 23, 24 (Tex. App.−Houston [1st Dist.] 1995, no writ).

Isaac further argues the lis pendens was valid. However, we have already determined the Nightfall Drive property is the separate property of Vicky. Therefore, the trial court properly ordered Isaac to file a release of lis pendens. We overrule Isaac's fifth issue.

### 6. *Sworn Schedule of Separate Property*

In his sixth issue, Isaac asserts the trial court erred in ordering Isaac to file a full and unconditional release of all claims to property asserted in his recorded schedule of separate property. Isaac's sole argument on appeal is that the "[r]esolution of the issues presented herein in Mr. Clay's favor will nullify the reasoning for this part of the final order." However, we have already resolved the preceding issues against Isaac. Therefore, we overrule Isaac's sixth issue.

### 7. *Attorney's Fees*

---

[2] Isaac argues the trial court should have, instead, ordered a motion to expunge lis pendens or a motion to cancel lis pendens. However, a motion to expunge under section 12.0071 of the property code is appropriate only when the lis pendens was improperly filed (i.e. the pleading on which the notice is based does not contain a real property claim). *See* TEX. PROP. CODE ANN. § 12.0071. Further, a motion to cancel is proper only while the case remains pending in the trial court. *See* TEX. PROP. CODE ANN. § 12.008.

In his final issue, Isaac contends the trial court abused its discretion in taxing attorney's fees against Isaac on the basis that his claims were groundless and made in bad faith for the purpose of harassment. In its order, the trial court ordered Isaac to pay the sum of $3,000.00 out of the $4,200.00 sought for reasonable and necessary attorney's fees "incurred in defending those claims found to be groundless and to have been made in bad faith or for the purpose of harassing [Vicky]." The trial court found the following: (1) Isaac knew he had given the real property and the 2002 Ford to Vicky as gifts, and his claims to the contrary contained in his motion for enforcement were wholly groundless and without support in the evidence and (2) Isaac's claims in his motion for enforcement seeking to be awarded the real property and the 2002 Ford, including his filing of a lis pendens and sworn schedule of separate property, were made in bad faith or for the purpose of harassing Vicky.

In a proceeding to divide property, the trial court has discretion to award reasonable attorney's fees. *See* TEX. FAM. CODE ANN. § 9.205. Here, however, the trial court opted to award fees as a sanction for Isaac's assertion of "groundless" claims and claims "made in bad faith of for the purpose of harassing" Vicky. We review the imposition of sanctions for an abuse of discretion. *See Shilling v. Gough*, 393 S.W.3d 555, 560 (Tex. App.–Dallas 2013, no pet.) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)). We will reverse a trial court's ruling only if the court acted without reference to any guiding rules and principles, making its ruling arbitrary or unreasonable. *See Shilling*, 393 S.W.3d at 560.

Isaac's sole argument on this issue is again that the "resolution of the issues presented herein in Mr. Clay's favor will nullify the award of attorney's fees against Mr. Clay." However, as already noted, we have resolved Isaac's issues against him. We conclude the trial court did not abuse its discretion in awarding attorney's fees, and we overrule Isaac's seventh issue. *See id.*

## Conclusion

Having overruled Isaac's seven issues, we affirm the judgment of the trial court.

130624F.P05

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ISAAC CLAY, Appellant

No. 05-13-00624-CV     V.

VICKY CLAY, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-54284-04.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee VICKY CLAY recover her costs of this appeal from
appellant ISAAC CLAY.

Judgment entered June 30, 2014