

NUMBER 13-14-00063-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAIME ANDREW DRABEK,                                         Appellant,

v.

LOURDES CAVAZOS,                                         Appellee.

## On appeal from the 357th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides**
**Memorandum Opinion by Justice Garza**

This appeal involves a post-judgment suit to enforce a mediated settlement

agreement that was incorporated into a final divorce decree. By a single issue, appellant

Jaime A. Drabek challenges the trial court's award of $3,500.00 in attorneys' fees to appellee, Lourdes Cavazos.[1] We reverse and remand.

## I. BACKGROUND

On September 10, 2009, Drabek and Cavazos entered into a mediated settlement agreement regarding obligations of the parties and other matters related to their pending divorce proceedings. The agreement was incorporated into the final divorce decree, which was finalized in December 2009.

After Cavazos learned that Drabek had failed to comply with certain provisions of the agreement, she filed a suit on a written contract in January 2012. Cavazos alleged that Drabek had breached the agreement by failing to pay: (1) community IRS debt, and (2) property taxes on the community home, which resulted in a reduction of Cavazos's share of the net proceeds when the home was sold. The suit included a claim for reasonable attorneys' fees in the amount of "at least $3,500.00."

The trial court conducted a bench trial on September 30, 2013. On October 3, 2013, the trial court rendered a judgment which: (1) awarded Cavazos $2,202.74 plus pre- and post-judgment interest on her claim that Drabek failed to pay IRS debt; (2) found in Drabek's favor on Cavazos's claim that he failed to pay property taxes; and (3) awarded Cavazos $3,500.00 plus interest in attorneys' fees.

On October 31, 2013, Drabek filed a motion to modify judgment, in which he argued that: (1) the judgment was incorrect because it did not reflect that the trial court had jurisdiction over the subject matter and parties and that venue was proper; and (2) Cavazos was not entitled to attorneys' fees. The trial court held a hearing on Drabek's

---

[1] Cavazos has not filed a brief to assist us in our disposition of this appeal.

motion on December 12, 2013. On January 9, 2014, the trial court issued an order granting Drabek's motion as to jurisdiction and venue, but denying his motion as to Cavazos's attorneys' fees. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Section 9.014 of the family code provides that "[t]he court may award reasonable attorney's fees in a proceeding under this subchapter." TEX. FAM. CODE ANN. § 9.014 (West, Westlaw through 2013 3d C.S.); *see Chavez v. Chavez*, 12 S.W.3d 563, 566 (Tex. App.—San Antonio 1999, no pet.). The subchapter to which section 9.014 refers is Subchapter 9(A), titled "Suit to Enforce Decree." *See id.* §§ 9.001–.014 (West, Westlaw through 2013 3d C.S.); *Shilling v. Gough*, 393 S.W.3d 555, 559 (Tex. App.—Dallas 2013, no pet.).

The decision to grant or deny attorneys' fees under this statute is reviewed for an abuse of discretion. *Cook v. Cameron*, 733 S.W.2d 137, 141 (Tex. 1987); *De la Garza v. De la Garza*, 185 S.W.3d 924, 931 (Tex. App.—Dallas 2006, no pet.). The test for an abuse of discretion is "whether the court acted without reference to any guiding rules and principles." *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Cummings*, 134 S.W.3d at 839.

When, as here, a trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's judgment. *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). In

cases in which the appellate record includes the reporter's record, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *Gainous v. Gainous,* 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

## III. DISCUSSION

By two sub-issues, Drabek contends that Cavazos is not entitled to recover attorneys' fees because: (1) she failed to either plead a claim or prove the prerequisites to recover attorneys' fees under chapter 38 of the civil practice and remedies code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (West, Westlaw through 2013 3d C.S.); and (2) "no competent evidence was presented to the trial court to prove the reasonableness and necessity of attorneys' fees." Because Drabek's second sub-issue is dispositive, we address it first.

At the September 30, 2013 hearing, the following exchange occurred between Cavazos and her attorney:

| Q [Counsel]: | And you came and hired me to represent you in this enforcement, correct? |
|---|---|
| A [Cavazos]: | Yes, sir. |
| Q: | For breach of contract? |
| A: | Yes. |
| Q: | And we entered into agreement that you would pay me how much? |
| A: | $3,500. |
| Q: | Okay. And that's what you owe in attorney's fees for this? |
| A: | Yes, sir. |

4

Although Drabek did not object to the evidence at the September 30, 2013 hearing, he raised the insufficiency issue in his motion to modify judgment and at the December 12, 2013 hearing on his motion to modify. At the December 12, 2013 hearing, the trial court acknowledged that, "And we are all agreed that basically the evidence was, we [Cavazos and her counsel] agreed that I was going to charge you $3,500. You agreed to pay me $3,500 to pursue this case for you. And that was—there wasn't other evidence. That was basically the evidence." At the December 12, 2013 hearing, the trial court questioned whether Cavazos's counsel could supplement the evidence:

| Q [trial court]: | What would require him [Cavazos's counsel] to put on evidence and what would prohibit him from testifying right now that he's familiar with the fees in this area and that they are reasonable? |
|---|---|
| A [Drabek's counsel]: | Because they closed their evidence. Trial is over. They waived that at the time, Your Honor. We closed. We're done with that. The evidence that she put on—if I may approach, Your Honor? The question that he asked her is, "We entered into agreement that you would pay me how much?" And her response was, "$3500. And that's what you owe in attorney's fees," and she said yes. |
| | She had not paid it. There was no evidence of an invoice that was given to her. There was no evidence that those fees were reasonable and necessary. And there's no burden on us to challenge that if the evidence was never presented properly to begin with. |

Reasonableness of attorney's fees is a fact question and must be supported by competent evidence. *Stukes v. Bachmeyer*, 249 S.W.3d 461, 469 (Tex. App.—Eastland 2007, no pet.). "Texas law is clear that '[t]he issue of reasonableness and necessity of attorney's fees requires expert testimony.'" *Woodhaven Partners, Ltd. v. Shamoun &*

5

*Norman, L.L.P.*, 422 S.W.3d 821, 830–31 (Tex. App.—Dallas 2014, no pet.) (quoting *Twin City Fire Ins. Co. v. Vega–Garcia*, 223 S.W.3d 762, 770–71 (Tex. App.—Dallas 2007, pet. denied)). A judgment awarding attorneys' fees may be supported solely by the attorney's testimony. *Vazquez v. Vazquez*, 292 S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Here, however, Cavazos's counsel did not testify as to the reasonableness or necessity of his fees. The only evidence presented was Cavazos's testimony regarding the amount that she agreed to pay her counsel. We hold that this evidence was insufficient to support the award of attorneys' fees. *See Cantu v. Moore*, 90 S.W.3d 821, 826 (Tex. App.—San Antonio 2002, pet. denied) (holding testimony of non-lawyer was insufficient to sustain award of appellate attorneys' fees); *Smith v. Smith*, 757 S.W.2d 422, 424 (Tex. App.—Dallas 1988, writ denied) ("An agreement to pay an attorney's fee based upon a certain amount per hour is not proof of its reasonableness."); *see also Horvath v. Hagey*, No. 03–09–00056–CV, 2011 WL 1744969, at *9 (Tex. App.—Austin, May 6, 2011, no pet.) (mem. op.) (holding testimony of a non-lawyer party regarding amount she paid attorney was insufficient to support trial court's award of attorneys' fees); *In the Interest of L.L.*, No. 04–08–00911–CV, 2010 WL 2403579, at *8 (Tex. App.—San Antonio June 16, 2010, no pet.) (mem. op.) (holding that a party's testimony regarding her attorney's hourly rate and amount she had paid did not constitute expert testimony and trial court erred in awarding attorney's fees based on her testimony). We sustain Drabek's second sub-issue.[2]

---

[2] We need not address Drabek's first sub-issue. *See* TEX. R. APP. P. 47.1.

We have broad discretion to remand the issue of attorneys' fees in the interest of justice. *See Powell Elec. Systems, Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 129 n. 9 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Pena v. Smith*, 321 S.W.3d 755, 759 (Tex. App.—Fort Worth 2010, no pet.); *see also In re A.A.L.*, No. 12-11-00161-CV, 2012 WL 1883763, at *4 (Tex. App.—Tyler May 23, 2012, no pet.). We conclude that remanding in the interest of justice is appropriate here. *See Smith*, 757 S.W.2d at 426 ("When a trial court grants an award of attorney's fees without any evidence in the record to support such an award, the proper action on appeal is to remand that part of the judgment awarding attorney's fees for a determination of the reasonableness of the amount of attorney's fees to be awarded."); *Pena*, 321 S.W.3d at 759; *see also In re A.A.L.*, 2012 WL 1883763 at *4.

## IV. CONCLUSION

We reverse that portion of the trial court's order awarding Cavazos attorneys' fees and remand to the trial court for a new trial on attorneys' fees. We affirm the remainder of the judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2014.

7